Melissa Goodwin, Justice
In this interlocutory appeal, Gerald E. Hawxhurst challenges the trial court's denial of his motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA or the Act). See Tex. Civ. Prac. & Rem. Code §§ 27.001 -.011. Hawxhurst sued Austin's Boat Tours, Austin Edwards, and Angel Edwards (collectively, ABT) for gross negligence, negligence per se, and breach of contract for damages to Hawxhurst's boat arising from an incident on Lake Travis. ABT filed a counterclaim for sanctions under Chapter 9 of the Texas Civil Practice and Remedies Code alleging Hawxhurst filed frivolous pleadings. See generally id. §§ 9.001-.014. Hawxhurst filed a motion to dismiss ABT's counterclaim pursuant to section 27.003 of the TCPA, contending that it was "based on" and "in response to" his "exercise of the right to petition." See id. §§ 27.001(4), .003(a). For the reasons that follow, we reverse the trial court's order denying Hawxhurst's motion to dismiss and remand this case to the trial court for further proceedings.
BACKGROUND
In July 2015, Hawxhurst was boating on Lake Travis when he observed a life jacket floating in the water. He maneuvered his boat toward the life jacket so that his passenger could pull it from the lake. As he approached the life jacket, his boat propeller became entangled in a dock line that was tied to the life jacket and anchored to the bottom of the lake by a heavy object. The boat motor became disabled, and while Hawxhurst's passenger attempted to remove the line from the motor, the boat drifted into the rocky shore, damaging the hull. Because the life jacket had ABT's name on it, Hawxhurst contacted ABT, a company that organizes boat tours and parties on Lake Travis. Hawxhurst alleges that the person with whom he spoke by phone identified himself as the owner of ABT, acknowledged that ABT's representative had placed the "make-shift buoy" in the lake and had left it there, and promised to pay for repairs to the boat. Hawxhurst alleges that he subsequently exchanged emails with ABT memorializing ABT's agreement to pay for the repairs. Hawxhurst had the boat repaired and forwarded the invoice to ABT, which refused to pay. Hawxhurst made a formal demand pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. See id. § 38.002(2), (3). When ABT continued to refuse to pay for the damage to the boat, Hawxhurst filed suit against ABT, alleging gross negligence in creating a dangerous situation, negligence per se for placing a buoy in water controlled by the Lower Colorado River Authority (LCRA) in violation of LCRA's land and water use regulations, and breach of contract for breaching its oral contract to pay for the damage. Hawxhurst also sought a permanent injunction enjoining ABT from placing unauthorized objects, including mooring buoys, anywhere in Lake Travis.
*224 After Hawxhurst filed an amended petition omitting his request for an injunction, ABT filed "Defendant's (sic) First Amended Answer and Counterclaim for Attorney Fees," seeking sanctions, costs, and attorney's fees under Chapter 9 of the Civil Practice and Remedies Code. See generally id. §§ 9.001-.014 (providing for sanctions for frivolous pleadings and claims in certain actions, including actions for property damage). Hawxhurst filed a motion to dismiss ABT's counterclaim pursuant to section 27.003 of the TCPA, contending that it was "based on" and "in response to" his "exercise of the right to petition" because his lawsuit was a "communication in ... a judicial proceeding." See id. §§ 27.001(4)(A)(i) (defining exercise of right to petition, in relevant part, as "communication made in or pertaining to ... a judicial proceeding"), .003(a) (providing that party may file motion to dismiss legal action if it is "based on, relates to, or is in response to," as relevant to this appeal, "a party's exercise of the right ... to petition"). Specifically, Hawxhurst argued that ABT's claim sought to recover attorney's fees incurred solely as a result of his exercising his right to petition by filing suit to redress wrongs. Hawxhurst also sought attorney's fees, costs, and sanctions. See id. § 27.009 (a)(1), (2).
In response, ABT argued that the TCPA does not apply because Hawxhurst had not shown that its counterclaim was "based on" or "in response to" his "right to petition" and that the "mere filing of a lawsuit on a private matter does not invoke the TCPA." In the alternative, ABT argued that it had established a prima facie case for its claim. See id. § 27.005(c) (providing that court may not dismiss legal action if party bringing action "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question"). ABT also sought costs and attorney's fees.
After a hearing on Hawxhurst's motion to dismiss, the trial court requested and the parties filed supplemental briefing addressing the trial court's concern that ABT had mistakenly labeled its pleading and that, under Rule 71, the "counterclaim" should be treated as a "motion for sanctions." See Tex. R. Civ. P. 71 (providing that when party mistakenly designates pleading, if justice requires, court shall treat pleading as if properly designated). The trial court subsequently issued an order finding that ABT's "counterclaim" had been mislabeled and that justice required treating it as a "motion for sanctions," ordering ABT to amend its answer to remove the mislabeled "counterclaim" and denying the re-labeled motion for sanctions.[1] The trial court further found that the motion for sanctions was not a "legal action" within the parameters of the TCPA and that a motion to dismiss under the TCPA "was not the appropriate vehicle to require [ABT] to drop the mislabeled counterclaim." The trial court denied Hawxhurst's motion to dismiss, and this appeal followed.
TCPA DISMISSAL MECHANISM AND STANDARD OF REVIEW
The TCPA is often characterized as an "anti-SLAPP" statute, i.e., a means by which defendants targeted by "Strategic Lawsuits Against Public Participation," or SLAPP, suits can move for dismissal of such lawsuits. See Tex. Civ. Prac. & Rem. Code § 27.002 ; see, e.g. , Serafine v. Blunt (Serafine I) , 466 S.W.3d 352, 365-67 (Tex. App.-Austin 2015, no pet.) (Pemberton, *225 J., concurring) (summarizing TCPA legislative history and emphasis on "anti-SLAPP" concerns). The TCPA allows a motion to dismiss a "legal action" that is "based on, relates to, or is in response to a party's exercise of," as relates to this appeal, "the right ... to petition." Tex. Civ. Prac. & Rem. Code § 27.003(a). The Act defines "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." Id. § 27.001(6) ; see Cavin v. Abbott , 545 S.W.3d 47, 56, No. 03-16-00395-CV, 2017 WL 3044583, at *6, 2017 Tex. App. LEXIS 6511, at *15 (Tex. App.-Austin July 14, 2017, no pet.). The Act defines the "[e]xercise of the right to petition" as "a communication in or pertaining to," as relates to this appeal, "a judicial proceeding." Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(i). A " '[c]ommunication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Id. § 27.001(1).
In enacting the TCPA, the legislature explained that its purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Id. § 27.002 ; see Hersh v. Tatum , 526 S.W.3d 462, 466 (Tex. 2017). "To effectuate the statute's purpose, the Legislature has provided a two-step procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights." ExxonMobil Pipeline Co. v. Coleman , 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). In the first step, the party filing a motion to dismiss under section 27.003 of the TCPA bears the burden to show by a preponderance of the evidence that the legal action is "based on, relates to, or is in response to" the party's "exercise of," relevant to this appeal, "the right ... to petition." Tex. Civ. Prac. & Rem. Code §§ 27.003(a), .005(b); see Hersh , 526 S.W.3d at 466 ; Coleman , 512 S.W.3d at 898. If the movant satisfies this burden, the trial court must dismiss the lawsuit unless the nonmovant "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c) ; see Hersh , 526 S.W.3d at 467-68 ; Coleman , 512 S.W.3d at 899. In determining whether to dismiss an action, the trial court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based" regardless of whether they are formally offered as evidence. Tex. Civ. Prac. & Rem. Code § 27.006(a) ; see Hersh 526 S.W.3d at 467 ; Serafine I , 466 S.W.3d at 357.
Our analysis requires statutory construction, which is a question of law that we review de novo. See Coleman , 512 S.W.3d at 899. Our primary concern is the express statutory language. See Galbraith Eng'g Consultants, Inc. v. Pochucha , 290 S.W.3d 863, 867 (Tex. 2009). "If that language is unambiguous, we interpret the statute according to its plain meaning." Lippincott v. Whisenhunt , 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). "Additionally, '[we] presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted.' " Coleman, 512 S.W.3d at 899 (quoting Lippincott , 462 S.W.3d at 509 ). "We are also mindful that the legislature has directed us to construe the Act 'liberally to effectuate its purpose and intent fully.' " Lippincott , 462 S.W.3d at 509 (quoting Tex. Civ. Prac. & Rem. Code § 27.011(b) ).
*226 ANALYSIS
Nature of ABT's "Counterclaim" and Application of TCPA
Based on the relevant provisions of the TCPA, the Act applies to ABT's claim if it is a "legal action" that was "based on, relate[d] to, or [was] in response to" Hawxhurst's "right ... to petition," which includes "a communication" "made in or pertaining to ... a judicial proceeding." See Tex. Civ. Prac. & Rem. Code §§ 27.001(1), (4)(A)(i), (6), .003(a). In his fifth issue, Hawxhurst argues that the trial court abused its discretion in relying on Rule 71 to treat ABT's "counterclaim" as a "motion for sanctions." In his first and third issues he argues that regardless of whether ABT's pleading is treated as a counterclaim or as a motion for sanctions, it is a "legal action" under the TCPA. We need not decide whether the trial court erred in treating ABT's "counterclaim" as a "motion for sanctions" because we agree that, either way, ABT's pleading falls within in the TCPA's definition of "legal action."
The Act defines "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief. " Id. § 27.001(6) (emphasis added). Construed as a counterclaim, ABT's pleading falls within the express statutory language. See id. ; Serafine I , 466 S.W.3d at 359-60 (treating counterclaims as "legal actions" subject to TCPA); see also Serafine v. Blunt (Serafine II) , No. 03-16-00131-CV, 2017 WL 2224528, at *7, 2017 Tex. App. LEXIS 4606, at *22 (Tex. App.-Austin May 19, 2017, pet. denied) (motion for reh'g pending) (determining that trial court abused discretion in failing to award any sanctions upon dismissal of counterclaim where statutory language mandates sanctions upon dismissal of "legal action"). Construed as a motion for sanctions, it likewise falls within the statutory definition as a "judicial pleading or filing that requests legal or equitable relief" from Hawxhurst's alleged sanctionable conduct. See Tex. Civ. Prac. & Rem. Code § 27.001(6) ; Black's Law Dictionary 1408 (9th ed. 2009) (distinguishing "equitable remedy," which is usually nonmonetary relief, from "legal remedy," which is usually relief in form of monetary damages); In re Estate of Check , 438 S.W.3d 829, 836 (Tex. App.-San Antonio 2014, no pet.) (observing that "numerous substantive 'pleadings' filed during the course of litigation, e.g., motions for sanctions, motions for summary judgment[,] ... do in fact seek legal or equitable relief" and therefore would qualify as "legal actions" under TCPA but declining to construe amended petition as "legal action" for purposes of extending TCPA deadline for filing motion to dismiss on ground it would lead to absurd results); see also In re Elliott , 504 S.W.3d 455, 465 (Tex. App.-Austin 2016, orig. proceeding) (holding that "TCPA's broad definition of 'legal action' encompasses [nonmovant's] Rule 202 petition" seeking pre-suit deposition).
Further, ABT's "counterclaim" or "motion for sanctions" was "based on, relate[d] to or [was] in response to" Hawxhurst's lawsuit. See Tex. Civ. Prac. & Rem. Code §§ 27.003(a) (providing that party may file motion to dismiss if "legal action is based on, relates to, or is in response to a party's exercise of," as relates to this appeal, the "right ... to petition"), .005(b) (providing for dismissal of "legal action" that movant shows "by preponderance of the evidence" is "based on, relates to, or is in response to a party's exercise of," as relates to this appeal, the "right to petition"). The claims asserted by ABT in its "counterclaim" or "motion for sanctions" were brought solely because it was forced to defend Hawxhurst's *227 lawsuit, which it alleged was frivolous. Thus, ABT's claim or "legal action" was directly "based on, relate[d] to or [was] in response to" Hawxhurst's lawsuit. See Serafine I , 466 S.W.3d at 360 (concluding that defendants' counterclaims were in part "based on, related to, or in response to" plaintiff's filing of suit); see also ids="6856996" index="27" url="https://cite.case.law/sw3d/466/352/#p365">id. at 390 n.139 (Pemberton, J. concurring) (observing that under "the TCPA's broad definition of 'legal action,' " counterclaim "would be deemed to be 'based on, relate[d] to, or in response to' [plaintiff's] lawsuit" because it "would seek relief predicated on that lawsuit").
ABT argues, without elaboration, that the TCPA does not apply because Hawxhurst's lawsuit is "not a communication in or pertaining to the lawsuit" or "judicial proceeding" within the definition of "right to petition." However, "communication" is broadly defined to include "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Tex. Civ. Prac. & Rem. Code § 27.001(1). This broad definition encompasses a petition in a lawsuit, which is a "judicial proceeding." See Cavin , 545 S.W.3d at 64, 2017 WL 3044583, at *12, 2017 Tex. App. LEXIS 6511, at *30-31 (noting this Court's recognition in Serafine I and Serafine II that filing lawsuit and transmitting documents related to lawsuit constitute " 'exercise of the right to petition' under the plain-meaning construction we are to give the definition's broad language" and concluding that lawsuits and discovery subpoenas "satisf[ied] the TCPA definition of the 'exercise of the right to petition' "); Quintanilla v. West , 534 S.W.3d 34, 46 (Tex. App.-San Antonio, pet. filed) (concluding that financial statements made and filed "in the context of impending litigation ... were made in exercise of 'right to petition' "); Serafine I , 466 S.W.3d at 360 (concluding that plaintiff's filing of suit and filing of lis pendens were exercises of plaintiff's "right to petition" as defined in TCPA); Martin v. Bravenec , No. 04-14-00483-CV, 2015 WL 2255139, at *6, 2015 Tex. App. LEXIS 4836, at *6 (Tex. App.-San Antonio May 13, 2015, pet. denied) (mem. op.) (holding that filing of lis pendens and other documents against subject property was exercise of "right to petition" under TCPA); James v. Calkins , 446 S.W.3d 135, 147-48 (Tex. App.-Houston [1st Dist.] 2014, pet. denied) (concluding that filing of lis pendens was "communication in or pertaining to a judicial proceeding" within meaning of "right to petition").
ABT contends that under this interpretation of the TCPA, any answer filed in response to pleadings, and even Hawxhurst's motion to dismiss, would be "in response" to a party's "exercise of the right to petition." Indeed, as Justice Pemberton noted in his concurrence in Serafine I , the TCPA's definition of "exercise of the right to petition" "encompasses most (if not all) claims filed in court." See 466 S.W.3d at 390 (Pemberton, J. concurring). Similarly, our sister courts have addressed at least two cases in which a party used a dismissal motion to seek dismissal of an opponent's previously filed TCPA dismissal motion. In Hotchkin v. Bucy , the court assumed without deciding that "filing a motion to dismiss is a procedurally proper manner to attack another motion to dismiss" and concluded that the defendant had established a prima facie case of his claim that the plaintiff's suit should be dismissed and that the trial court had not erred in denying the plaintiff's motion to dismiss the defendant's motion to dismiss. See No. 02-13-00173-CV, 2014 WL 7204496, at *5, 2014 Tex. App. LEXIS 13568, at *13-14 (Tex. App.-Fort Worth Dec. 18, 2014, no pet.) (mem. op.); cf.
*228 Paulsen v. Yarrell , 537 S.W.3d 224, 232-33 (Tex. App.-Houston [1st Dist.] 2017, pet. filed) (reasoning that under canon of ejusdem generis, "enumeration of 'lawsuit,' 'cause of action,' 'petition,' 'complaint,' 'cross-claim,' and 'counterclaim' " preceding "catchall 'any other judicial pleading or filing that requests legal or equitable relief' " indicates definition refers to "procedural vehicle[s] for vindication of a legal claim, in a sense that is not true for a motion to dismiss"; concluding that to apply definition of "legal action" to motion to dismiss TCPA motion to dismiss would "stray[ ] from-and, indeed, undermine[ ]" Act's purpose of securing quick and inexpensive dismissal; and holding that "the TCPA's dismissal mechanism does not authorize a counter-motion to dismiss as a substitute for a standard response in opposition"). We agree with ABT that the provisions of the TCPA have a broad reach, but we "must apply the statute as written." See Coleman , 512 S.W.3d at 900.
ABT also argues that the TCPA applies only to communications that are analogous to participating in government, that is, communications that are in the public interest. However, as Justice Pemberton noted in his concurrence in Serafine I , the TCPA provides no "textual basis" for construing it "to require that lawsuits have some sort of additional independent connection with governmental or public issues beyond being a form of petitioning protected by the First Amendment." Serafine I , 466 S.W.3d at 387-88 (Pemberton, J., concurring); see Coleman , 512 S.W.3d at 899 (holding that TCPA protects both public and private communications (explaining its holding in Lippincott , 462 S.W.3d at 509 )); Quintanilla , 534 S.W.3d at 46 (noting that "[u]nlike the right of free speech under the TCPA, exercise of the right to petition need not involve a matter of 'public concern' "). Finally, ABT argues that Hawxhurst cannot rely on the TCPA to obtain dismissal because he has asserted an "actual-innocence defense-claiming he did not do the act that formed the basis of the legal action." ABT did not raise this argument in the trial court and has therefore waived it. See Tex. R. App. P. 33.1(a)(1). Even if ABT had not waived this argument, however, we would not find it persuasive. Initially, we observe that Hawxhurst has not denied filing the petition; rather, he has denied that the allegations in the petition were groundless. Further, even if Hawxhurst had denied the act forming the basis of ABT's "counterclaim" or "motion to dismiss"-i.e., filing the petition-the Texas Supreme Court has recently rejected the "actual-innocence defense." See Hersh , 526 S.W.3d at 466-67. In Hersh , the movant defendant denied making the communications on which the plaintiff's suit was based. Id. at 465. The Texas Supreme Court held that "[t]he basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations" and that "[u]nder the Act, a defendant moving for dismissal need show only that the plaintiff's 'legal action is based on, relates to, or is in response to the [defendant's] exercise of ... the right [to petition]'-that is a 'communication made in [a judicial proceeding]'-not that the communication actually occurred." Id. at 467.
We conclude that ABT's "counterclaim" or "motion for sanctions" was a "legal action" that was "based on, relate[d] to, or [was] in response to" Hawxhurst's lawsuit, which was an "exercise of [his] right to petition" as a "communication in or pertaining to ... a judicial proceeding." See Tex. Civ. Prac. & Rem. Code §§ 27.001(1), (4)(A)(i), (6), .003(a). Accordingly, we further conclude that Hawxhurst *229 successfully met his burden to establish that the TCPA applies to ABT's filing, whether construed as a "counterclaim" or as a "motion for sanctions."[2] We sustain Hawxhurst's first and third issues. Consequently, as noted above, we need not reach his fifth issue concerning whether the trial court erred in re-labeling ABT's "counterclaim" as a "motion for sanctions."
Prima Facie Case
In his second issue, Hawxhurst argues that ABT failed to establish a prima facie case that his pleadings were frivolous. See id. §§ 9.011 (setting out standards for signing of nonfrivolous pleadings), .012 (providing for sanction for violations of standards in section 9.011); 27.005(c) (providing that trial court "may not dismiss a legal action ... if the [nonmovant] establishes by clear and specific evidence a prima facie case for each essential element of the claim in question"). Although the trial court did not reach this issue, it was before the trial court in Hawxhurst's motion to dismiss, see id. § 27.0005(b)-(d), and "no additional trial-level proceedings are necessary for the issues to be judicially determined," see Cavin , 545 S.W.3d at 71 & n.93, 2017 WL 3044583, at *17 & n.93, 2017 Tex. App. LEXIS 6511, at *43-44 & n.93 (reaching issue of prima facie case and citing Serafine I , 466 S.W.3d at 357 ("We ... review de novo a trial court's determination of whether a [TCPA] nonmovant has presented clear and specific evidence establishing a prima facie case for each essential element of the challenged claims.")); see also Coleman , 512 S.W.3d at 902 (remanding to court of appeals for consideration of proof of prima facie case).
ABT's burden was to "establish[ ] by clear and specific evidence a prima case for each essential element of" its claim under Chapter 9 for sanctions, costs, and attorney's fees against Hawxhurst for filing a frivolous pleading. Tex. Civ. Prac. & Rem. Code § 27.005(c) ; Hersh , 526 S.W.3d at 467-68 ; Coleman , 512 S.W.3d at 899. The essential elements are the facts that a party must plead and prove to obtain relief on a claim. Cavin , 545 S.W.3d at 71-72, 2017 WL 3044583, at *17, 2017 Tex. App. LEXIS 6511, at *44 ; see *230 In re Lipsky , 460 S.W.3d 579, 592-96 (Tex. 2015) (orig. proceeding) ( Lipsky II ) (addressing essential elements of nonmovant's business disparagement and defamation claims). "[A] prima facie case has a traditional legal meaning. It refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted. It is the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." Lipsky II , 460 S.W.3d at 590 (internal citations and quotations omitted). Because the TCPA does not define "clear and specific evidence," we give those terms their ordinary meanings. Id. "The words 'clear' and 'specific' in the context of this statute have been interpreted respectively to mean, for the former, 'unambiguous,' 'sure,' or 'free from doubt' and, for the latter, 'explicit' or 'relating to a particular named thing.' " Id. (quoting KTRK Television, Inc. v. Robinson , 409 S.W.3d 682, 689 (Tex. App.-Houston [1st Dist.] 2013, pet. denied) (quoting Black's Law Dictionary 268, 1434 (8th ed. 2004) (internal quotations omitted))). "Collectively, these elements require that a party 'provide enough detail to show the factual basis for its claim' ...." Cavin , 545 S.W.3d at 72, 2017 WL 3044583, at *17, 2017 Tex. App. LEXIS 6511, at *45 (quoting Lipsky II , 460 S.W.3d at 591 ).
The essential elements of a claim under Chapter 9 that a pleading is frivolous are that the pleading is (1) groundless and brought in bad faith; (2) groundless and brought for the purpose of harassment; or (3) groundless and brought for an improper purpose, such as unnecessary delay. Tex. Civ. Prac. & Rem. Code §§ 9.011, .012. In other words, to succeed on a claim under Chapter 9, a party must plead and prove two elements: (1) that the pleading has no basis in law or fact and (2) that it was brought in bad faith, or for harassment, or for an improper purpose, such as delay. Dunavin v. Meador , No. 02-07-00230-CV, 2008 WL 2780782, at *6, 2008 Tex. App. LEXIS 5362, at *14 (Tex. App.-Fort Worth July 17, 2008, no pet.) (mem. op.). ABT's "counterclaim" or "motion for sanctions" contained a single assertion that Hawxhurst's "claims are groundless." ABT argues that its response to Hawxhurst's motion to dismiss "lays out the clear and specific evidence for the elements of its claims." However, ABT cites to only a single page of Hawxhurst's discovery answers, attached as an exhibit to ABT's response. The cited page contains one interrogatory concerning Hawxhurst's name and personal information and part of Hawxhurst's answer to that interrogatory; it offers no evidence related to ABT's claim that Hawxhurst's allegations were groundless. ABT offers no argument or explanation as to how the cited evidence supports which element(s) of its claim, and it cites to no other record evidence. In the absence of any guidance from ABT as to where the evidence can be found or how it supports the elements of its claim, we are not required to sift through the record in search of such evidence. See Tex. R. App. P. 38.1(i) (providing that brief must contain appropriate citations to record); Cavin , 545 S.W.3d at 72-73, 2017 WL 3044583, at *18, 2017 Tex. App. LEXIS 6511, at *45-46 (determining that plaintiffs failed to establish prima facie case of claims where they failed to link facts reflected in record to each essential element of claims and failed to provide analysis or explanation but merely "cited en masse to pages of the record they deem[ed] relevant to some unspecified element"); Nguyen v. Allstate Ins. Co. , 404 S.W.3d 770, 776 (Tex. App.-Dallas 2013, pet. denied) (concluding that trial and appellate courts are not required to sift through evidence in search of support for nonmovant's argument in summary judgment proceeding that fact issue existed).
*231 ABT also argues that Hawxhurst produced no evidence that ABT owned the life preserver and no evidence of the existence or breach of any contract to pay damages. However, the record contains evidence supporting Hawxhurst's claims. In his interrogatory answers, Hawxhurst stated that the life preserver had the ABT logo on it and that an ABT agent had admitted that it belonged to ABT and that ABT had placed it in the lake as a mooring buoy. He also detailed his communications with ABT, providing the dates and substance of his phone conversations, including the dates and conversations in which ABT agreed to pay for the damages to his boat and then breached the "oral contract" by refusing to pay. He stated that the consideration for ABT's agreement to pay for the damage was his agreement not to file suit, and he specified the amount of his damages. Hawxhurst also agreed to produce the buoy in question and the emails memorializing his phone conversations with ABT in which ABT agreed to pay for the damage to his boat in the event ABT no longer had copies. And he denied not having any proof of a contract between the parties and denied that the contract lacked consideration. ABT offered no affidavit testimony or other evidence disputing Hawxhurst's evidence of these matters.[3] Under the TCPA and Chapter 9, ABT bore the burden to "establish by clear and specific evidence" a prima facie case that Hawxhurst's claims were groundless, the first element of its claim under Chapter 9. See Tex. Civ. Prac. & Rem. Code §§ 9.011, .012; 27.005(c). On this record, we cannot conclude that ABT met that burden. See Hersh , 526 S.W.3d at 468 (holding that nonmovants did not produce prima facie case of "extreme and outrageous conduct" element of intentional infliction of emotional distress claim); KBMT Operating Co., LLC v. Toledo , 492 S.W.3d 710, 711, 717 (Tex. 2016) (concluding that plaintiff failed to prove prima facie case of falsity element of defamation claim against media defendant); Cavin , 545 S.W.3d at 72-73, 2017 WL 3044583, at *18, 2017 Tex. App. LEXIS 6511, at *45-46 (determining that plaintiffs failed to establish prima facie case of claims where they failed to link facts in record to each essential element of claims and failed to provide analysis or explanation). Therefore, we need not reach the issue of whether ABT established that Hawxhurst's claims were brought for the purpose of harassment or for an improper purpose. See Tex. Civ. Prac. & Rem. Code § 9.011. We sustain Hawxhurst's second issue.
Award under Section 27.009
Having sustained Hawxhurst's first, second, and third issues, we conclude that the trial court erred in denying his motion to dismiss. We turn, then, to Hawxhurst's fourth issue, in which he argues that the trial court erred in denying his request for attorney's fees and costs and requests that we remand to the trial court for determination of such attorney's fees and costs.[4]
*232 The TCPA provides that if the trial court orders dismissal of a legal action, it "shall award to the moving party ... court costs, attorney's fees, and expenses as justice and equity may require." Tex. Civ. Prac. & Rem. Code § 27.009(a). The Texas Supreme Court has determined that upon dismissal under the TCPA, an award of attorney's fees to the successful movant is mandatory. See Sullivan v. Abraham , 488 S.W.3d 294, 299 (Tex. 2016) (holding that TCPA requires reasonable attorney's fees be awarded to successful movant and that term "as justice and equity may require" in section 27.009(a)(1) applies only to award of "other expenses"). Section 27.009 similarly requires the award of sanctions against the nonmovant if the court dismisses the legal action. See Tex. Civ. Prac. & Rem. Code § 27.009(a)(2) ; see Serafine II , 2017 WL 2224528, at *7, 2017 Tex. App. LEXIS 4606, at *22-23 (observing that Act's "plain language presumes that some sanctions award-i.e., an amount greater than zero-is required").
Based on our resolution of Hawxhurst's issues, we reverse the trial court's denial of Hawxhurst's motion to dismiss ABT's "counterclaim" or "motion for sanctions." Accordingly, we remand this case to the trial court for determination of the attorney's fees and sanctions that must be awarded under section 27.009. See Tex. Civ. Prac. & Rem. Code § 27.009 ; Serafine II , 2017 WL 2224528, at *6-7, *8, 2017 Tex. App. LEXIS 4606, at *21-22, 24 (remanding to trial court for determination of reasonable attorney's fees incurred by movant in defending against counterclaims dismissed under the TCPA and for determination of amount of sanctions to be awarded under section 27.009 ); Cavin , 545 S.W.3d at 73, 2017 WL 3044583, at *18, 2017 Tex. App. LEXIS 6511, at *47 (remanding to trial court for determination of attorney's fees and sanctions that "must be awarded incident to ... dismissal" of claims under TCPA).
Hawxhurst urges that we remand this case to the trial court "with instructions to award him the attorneys' fees and costs sought in his TCPA motion." We decline to do so. The TCPA requires an award of "reasonable attorney's fees." See Tex. Civ. Prac. & Rem. Code § 27.009(a). "A 'reasonable' attorney's fee 'is one that is not excessive or extreme, but rather moderate or fair.' " Sullivan , 488 S.W.3d at 299 (quoting Garcia v. Gomez , 319 S.W.3d 638, 642 (Tex. 2010) ); Serafine II , 2017 WL 2224528, at *7, 2017 Tex. App. LEXIS 4606, at *21. That determination rests within the trial court's discretion. Sullivan , 488 S.W.3d at 299 ; Serafine II , 2017 WL 2224528, at *7 & n.6, 2017 Tex. App. LEXIS 4606 at *21 & n.6 (stating that determination of reasonable attorney's fees "rests within trial court's discretion," remanding for determination of reasonable attorney's fees, and declining to provide trial court with "specific instructions"). Although Hawxhurst presented evidence in support of his request for attorney's fees, the trial court did not consider the evidence because it determined that the TCPA did not apply. Further, the trial court must award sanctions under section 27.009, the amount of which is within the trial court's discretion. See Tex. Civ. Prac. & Rem. Code § 27.009(2) (requiring trial court to award sanctions *233 "sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter"); Serafine II , 2017 WL 2224528, at *7, 2017 Tex. App. LEXIS 4606 at *22-23 (observing that TCPA "allows the trial court broad discretion to determine an amount [of sanction] 'sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter,' i.e., a 'legal action' subject to dismissal under the TCPA"); Kinney v. BCG Att'y Search, Inc. , No. 03-12-00579-CV, 2014 WL 1432012, at *11, 2014 Tex. App. LEXIS 3998, at *35 (Tex. App.-Austin Apr. 11, 2014, pet. denied) (mem. op.) (same). Accordingly, we decline to instruct the trial court to award the amount of attorney's fees and costs Hawxhurst requested and remand to the trial court to determine within its discretion the amount of the reasonable attorney's fees and sanctions that must be awarded under section 27.009.[5] See Sullivan , 488 S.W.3d at 299 (remanding to trial court "for its determination of 'reasonable attorney's fees' under the appropriate standard" under section 27.009 ); Serafine II , 2017 WL 2224528, at *7 & n.6, *8, 2017 Tex. App. LEXIS 4606, at *21-22 & n.6, 24 ; Cavin , 545 S.W.3d at 72-73, 2017 WL 3044583, at *18, 2017 Tex. App. LEXIS 6511, at *47.
CONCLUSION
We reverse the trial court's denial of Hawxhurst's motion to dismiss and remand to the trial court to determine the attorney's fees and sanctions that must be awarded incident to dismissal under section 27.009 of the TCPA.
Dissenting Opinion by Justice Pemberton
DISSENTING OPINION

ABT subsequently filed a second amended answer omitting its "counterclaim" for attorney's fees under Chapter 9.

ABT also asserts that Hawxhurst failed to meet his burden to show that the TCPA applies because he cannot show that signing groundless pleadings is a constitutionally protected communication recognized as the "exercise of the right to petition." ABT does not provide any argument or cite to any authority in support of this bare assertion and has therefore waived it. See Tex. R. App. P. 38.1(i). Even if ABT had not waived this argument, however, this Court has held that whether the challenged action is constitutionally protected is not a component of the movant's initial burden. Rather, it is appropriately addressed in the second part of the analysis, in which the nonmovant must establish by clear and specific evidence each essential element of its claim. See Elite Auto Body LLC v. Autocraft Bodywerks, Inc. , 520 S.W.3d 191, 204-05 (Tex. App.-Austin 2017, pet. dism'd) (citing Kinney v. BCG Attorney Search, Inc. , No. 03-12-00579-CV, 2014 WL 1432012, at *5, 2014 Tex. App. LEXIS 3998, at *13-17 (Tex. App.-Austin Apr. 11, 2014, pet. denied) (mem. op.) (addressing attempt by defamation plaintiff to defeat motion to dismiss at initial stage by arguing that communications at issue were false and thus not constitutionally protected)); see also Rauhauser v. McGibney , 508 S.W.3d 377, 384 n.4 (Tex. App.-Fort Worth 2014, no pet.), disapproved of in part on other grounds , Hersh v. Tatum , 526 S.W.3d 462, 467 (Tex. 2017) (holding that issue of whether alleged "terroristic threats," "cyber-stalking" and "harassment" were constitutionally protected speech was "not part of a defendant's initial burden under section 27.005(b) of the TCPA; instead, a plaintiff may offer proof of unprotected speech by a defendant as part of the plaintiff's clear and specific evidence of each essential element of each claim against the defendant" (citing Tex. Civ. Prac. & Rem. Code § 27.005(b), (c) ; In re Lipsky , 411 S.W.3d 530, 543 (Tex. App.-Fort Worth 2013, orig. proceeding) (Lipsky I ) (internal quotations omitted))).

The only evidence ABT attached to its response was its attorney's affidavit on attorney's fees; Hawxhurst's responses to discovery; copies of emails between ABT and Hawxhurst containing ABT's offer to settle and discussions concerning hearing dates for the motion to dismiss; and copies of court filings-ABT's amended answer omitting its "counterclaim," ABT's Offer of Settlement, Hawxhurst's notice of hearing on his motion to dismiss, ABT's motion to quash the hearing on Hawxhurst's motion to dismiss, and ABT's second motion to quash the hearing and motion for sanctions.

Hawxhurst contends that his motion to dismiss survived ABT's dismissal of its "counterclaim" by omitting it from its amended answer after the trial court treated it as a motion for sanctions, which it denied. We agree. See Walker v. Hartman , 516 S.W.3d 71, 80 (Tex. App.-Beaumont 2017, pet. filed) (noting that nonsuit does not control fate of opposing party's independent claims for affirmative relief and holding that TCPA motion to dismiss survived nonsuit filed after motion to dismiss); Rauhauser , 508 S.W.3d at 381 (observing that motion to dismiss may afford more relief than nonsuit affords and constitutes claim for affirmative relief that survives nonsuit and holding that TCPA motion to dismiss survived nonsuit filed five hours after motion to dismiss was filed).

ABT argues that we should overrule Hawxhurst's fourth issue because he failed to produce evidence of the factors set out by the Texas Supreme Court for determining the reasonableness of attorney's fees. See Arthur Andersen & Co. v. Perry Equip. Corp. , 945 S.W.2d 812, 818 (Tex. 1997). However, attorney's fees are mandatory following dismissal under the TCPA, and the determination of "reasonable" attorney's fees is within the trial court's discretion. Sullivan v. Abraham , 488 S.W.3d 294, 299 (Tex. 2016). Moreover, "[a] party is not required to present evidence on all of or any set number of [Arthur Andersen ] factors." Thompson v. Thompson , No. 05-16-00026-CV, 2017 WL 2871423, at *3, 2017 Tex. App. LEXIS 6214 at *8 (Tex. App.-Dallas June 30, 2017, no pet.) (mem. op.); Arthur J. Gallagher & Co. v. Dieterich , 270 S.W.3d 695, 706 (Tex. App.-Dallas 2008, no pet.) (rejecting argument that party seeking attorney's fees "did not offer any evidence of the Anderson factors"). A court may also look at the entire record, the evidence of reasonableness, the common knowledge of the participants, the amount in controversy, and the relative success of the parties. In re A.B.P. , 291 S.W.3d 91, 98 (Tex. App.-Dallas 2009, no pet.).