# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00754-CV

---

**Smith Robertson, L.L.P.; and Alton Lee Rigby, Jr., Appellants**

**v.**

**Paul Jason Hamlin and Tara Natalie Bertalan Hamlin, Appellees**

---

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 18-0609-C26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellees Tara and Paul Hamlin sued attorney Alton Lee Rigby and his firm, Smith Robertson, L.L.P. (Appellants), claiming that Appellants fraudulently domesticated a foreign judgment against Tara Hamlin and in favor of Appellants' client, MFG Financial, Inc. (MFG). Appellants filed a motion to dismiss under the Texas Citizens Participation Act (TCPA), which was denied by operation of law because the district court did not rule on the motion. *See* Tex. Civ. Prac. & Rem. Code § 27.008(a). We hold that the TCPA applies to the Hamlins' claims and that Appellants are entitled to dismissal based on the affirmative defense of attorney immunity. Therefore, we reverse the district court's denial of the motion to dismiss.

### BACKGROUND

In the late 1990s, Tara Bertalan (now Tara Bertalan Hamlin) purchased a gym membership in Phoenix, Arizona. She does not dispute that she did not pay the membership fees

that were due. Debt collection company MFG acquired the interest in the debt and sued Tara[1] to recover it. On May 25, 1999, MFG obtained a judgment against Tara in small claims court in Arizona for the $774.00 principal amount of the debt, $476.33 in interest, and $21.75 in costs, for a total of $1272.08. Under Arizona law, that judgment was valid for five years. Tara did not pay that judgment, so on March 31, 2004, MFG renewed the judgment. The renewal stated that its expiration date was May 25, 2009, ten years from the original judgment instead of five years from the date the renewal was docketed. The court mailed a notice of renewal of the judgment to MFG and Tara on April 1, 2004. Before the listed expiration date of the renewal, on May 7, 2009, MFG again renewed the judgment. MFG sent Tara a copy of the affidavit seeking renewal. The court renewed the judgment for an additional 5 years, until May 7, 2014.

Before the second renewal expired, MFG hired Appellants to domesticate the Arizona judgment in Texas, which they did. An affidavit by Rigby and documents supporting a notice of the filing for foreign judgment were sent by certified mail to Tara on December 4, 2013. On December 12, 2013, Appellants filed the authenticated copy of the May 7, 2009 judgment for domestication on MFG's behalf. Notice of filing of the foreign judgment was sent to Tara on January 29, 2014. In April 2014, the clerk of the district court recorded the judgment in Texas and on May 1, 2014, an abstract of the judgment was filed in Williamson County.

Tara and her husband, Paul, sold their Williamson County home in June 2016. While attempting to close on the sale, the title company discovered the abstract of judgment. The title company informed the Hamlins that to close they would either have to sign an affidavit testifying that the judgment did not apply to their homestead or satisfy the debt. The Hamlins executed the affidavit, and the sale closed on June 24, 2016. In July 2016, the Hamlins sent

---

[1] We will refer to Appellees by their first names because they share the same last name.

2

Appellants a demand letter seeking to have MFG release the debt on the basis that the first renewal of the judgment had expired five years from the date it was renewed, March 2009, rather than from the stated expiration date, May 25, 2009. The Hamlins contend that because the first renewal expired in March 2009, the second renewal on May 7, 2009, was untimely. MFG, through Appellants, filed a release of judgment in Williamson County district court in September 2016. That release was recorded in the public records of Williamson County in March 2017, with the result that all of the claims arising from the domestication of the judgment against Tara were released. Nevertheless, in May 2018, the Hamlins sued MFG and Appellants, seeking declaratory relief that the released judgment is unenforceable, illegal, and fraudulent; seeking to have the debt released and expunged from all the public records; and seeking a minimum of $10,000 in damages on account of the mental anguish, inconvenience, pain, suffering, and costs (including over $70,000 in attorney's fees) that the Hamlins have suffered and are suffering as a result of having had the judgment against them domesticated in Texas. The Hamlins allege that MFG and Appellants engaged in illegal and fraudulent behavior by violating Chapter 12 of the Civil Practice and Remedies Code (fraudulent court records or liens) and the Deceptive Trade Practices Act (DTPA).[2]

---

[2] The Hamlins also alleged that Appellants violated six Penal Code provisions: Section 32.46 Signing Or Securing Execution Of Document By Deception; Section 32.48 Simulating Legal Process; Section 32.49 Refusal To Execute Release Of Fraudulent Lien Or Claim; Section 37.09(a)(2) Tampering With Or Fabricating Physical Evidence; Section 37.10(2) and (5) Tampering With Government Records; and Section 37.13 Record Of A Fraudulent Court. Although the Hamlins state that they alleged these violations only to show the "nature and character" of Appellants' actions and "are not attempting to assert any private causes of action . . . under the provisions of the Texas Penal Code," they also assert that there is "relief available" to them based on violations of the Penal Code. To the extent that the Hamlins seek relief under the Penal Code, we reject their claims. *See Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004) (cautioning against implying a private cause of action to enforce penal statutes and stating

3

Appellants answered with a general denial and a motion to dismiss under the TCPA. The district court heard arguments on the motion to dismiss, but did not rule on the motion, which was denied by operation of law. Appellants filed this interlocutory appeal.

## DISCUSSION

"The [TCPA] protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015). The protection comes in the form of a motion to dismiss a suit that would stifle the defendant's exercise of those rights. *Id.* Reviewing a TCPA motion to dismiss requires a three-step analysis. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). First, the party moving for dismissal must show by a preponderance of the evidence that the TCPA applies to the legal action against it. Tex. Civ. Prac. & Rem. Code § 27.005(b). If the movant meets that burden, the nonmovant must establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmovant satisfies that requirement, the burden shifts back to the movant to prove each essential element of any valid defenses by a preponderance of the evidence. *Id.* § 27.005(d).

### The TCPA's Applicability

We review de novo whether the movant has established by a preponderance of the evidence that the TCPA applies and whether the nonmovant has presented clear and specific evidence establishing a prima facie case for each essential element of the challenged claims. *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.). A party may invoke the TCPA dismissal procedure if that party shows by a preponderance of the evidence that the

that "causes of action may be implied only when a legislative intent to do so appears in the statute as written").

4

legal action against it "is based on, relates to, or is in response to" the party's exercise of the right to speak, petition, or associate. Tex. Civ. Prac. & Rem. Code § 27.003(a); *see Youngkin*, 546 S.W.3d at 680. The "exercise of the right to petition" includes "a communication in or pertaining to . . . a judicial proceeding." Tex. Civ. Prac. & Rem. Code § 27.001(4)(A). A "communication" is "the making or submitting of a statement or document in any form or medium." *Id.* § 27.001(1).

In this case, Appellants submitted documents in the form of the Arizona judgment and at least the renewal with the May 7, 2014 expiration date[3] to the district court in Williamson County in order to domesticate that judgment in Texas. Under the statute's definitions, Appellants made a communication in or pertaining to a judicial proceeding, thereby exercising the right to petition on behalf of their client. *See Youngkin*, 546 S.W.3d at 680 (analyzing the "expansive statutory definition of the 'exercise of the right to petition'"); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 227-228 (Tex. App.—Austin 2018, no pet.) (discussing the "right to petition" and noting the "broad reach" of the TCPA). The TCPA's protections therefore apply to the Hamlins' claims against Appellants. We next turn to whether Appellants are entitled to dismissal.

**Appellants' Entitlement to Dismissal**

Because the TCPA applies, the burden shifts to the Hamlins to establish by clear and specific evidence a prima facie case for each essential element of their claims. Tex. Civ. Prac. & Rem. Code § 27.005(c). The Hamlins assert that they have met their burden with regard

---

[3] The record does not reflect whether Appellants had the renewal with the May 25, 2009 expiration date in their possession nor whether it was filed when Appellants domesticated the judgment.

to their claims under the DTPA and Chapter 12 of the Civil Practice and Remedies Code. As to their DTPA claim, the Hamlins acknowledge that they do not have a direct consumer relationship with Appellants. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 538-39 (Tex. 1981) (stating that consumer status requires a person to "have sought or acquired goods or services by purchase or lease" and requires "that the goods or services purchased or leased must form the basis of the complaint"). The Hamlins argue that they may nonetheless recover under the DTPA because Tara's purchase of the gym membership in 1998 or 1999 in Arizona was a consumer transaction as to the gym, which the Hamlins assert gives rise to Texas DTPA claims against debt collector MFG and MFG's attorneys for domesticating the resulting judgment in Texas. In addition, the Hamlins assert that the domesticated judgment was a fraudulent document giving rise to liability under Chapter 12's prohibition on fraudulent court records or liens. *See* Tex. Civ. Prac. & Rem. Code § 12.002 (liability for use of fraudulent documents). The Hamlins assert that although the first renewal of the judgment states it expires on May 25, 2009, by law, Appellants were put on notice that the judgment was invalid because under Arizona law, the judgment expired five years from the date the judgment was renewed.

Appellants argue that, even had they intentionally committed fraud, the defense of attorney immunity bars the Hamlins' claims and entitles Appellants to dismissal under the TCPA. Although we note that an attorney's intentional fraud might give rise to liability, *Youngkin*, 546 S.W.3d at 682 ("Though attorney immunity is broad, it is not limitless."); *Chu v. Chong Hui Hong*, 249 S.W.3d 441, 446 (Tex. 2008) ("An attorney who personally steals goods or tells lies on a client's behalf may be liable for conversion or fraud in some cases."), on this record, we hold that attorney immunity entitles Appellants to a dismissal. Therefore, we need not determine whether the Hamlins established a prima facie case for each element of their

6

claims but instead will assume the Hamlins met their burden and will turn to Appellants' affirmative defense.

In *Cantey Hanger, LLP v. Byrd*, the Texas Supreme Court explained that an attorney is immune from liability to nonclients for conduct within the scope of the attorney's representation of his clients. 467 S.W.3d 477, 481 (Tex. 2015). "Put differently, an attorney may be liable to nonclients only for conduct outside the scope of his representation of his client or for conduct foreign to the duties of a lawyer." *Youngkin*, 546 S.W.3d at 681. As in *Cantey Hanger* and *Youngkin*, Appellants' domestication of the Arizona judgment—the latest renewal of which was entered by an Arizona court and appears valid on its face—was directly within the scope of their representation of their client. "The only facts required to support an attorney-immunity defense are the type of conduct at issue and the existence of an attorney-client relationship at the time. A court would then decide the legal question of whether said conduct was within the scope of representation." *Youngkin*, 546 S.W.3d at 683. It is undisputed that Appellants domesticated the Arizona judgment in the course of representing MFG in its pursuit of the debt owed by Tara. Under the circumstances, Appellants have met their burden of proving the essential elements of their attorney-immunity defense by a preponderance of the evidence.

**Attorney's Fees**

The TCPA entitles a defendant who successfully moves for dismissal to "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require." Tex. Civ. Prac. & Rem. Code § 27.009(a). Having determined that Appellants are entitled to dismissal, we conclude that they may seek an award

under section 27.009(a).  Because Appellants' motion to dismiss was overruled by operation of law, the district court did not reach this issue.

## CONCLUSION

Having determined that Appellants were entitled to dismissal under the TCPA and to an award under section 27.009(a), we reverse the district court's denial of Rigby and Smith Robertson's motion to dismiss and remand the case to the district court for further proceedings consistent with this opinion.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Reversed and Remanded

Filed:   July 11, 2019