

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00106-CV

———————————————

CANDICE JACKSON, Appellant

V.

KELL AUTO SALES, INC. AND ROBERT I. HARMON, Appellees

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. DC89-CV2020-1237

Concurring Memorandum Opinion by Justice Wallach

## CONCURRING MEMORANDUM OPINION

I concur with the majority in affirming the trial court's judgment. I also concur with the rationale of the majority opinion about why the TCPA does not apply to the counterclaim in question, but I believe that there is another reason that it does not apply: this lawsuit and counterclaim are matters of purely private concern and therefore do not fall within the protected right to petition under the TCPA.

It has long been recognized that

> The Texas Citizens Participation Act (TCPA) protects citizens who *petition* or *speak* on *matters of public concern* from retaliatory lawsuits that seek to intimidate or silence them. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011. The protection consists of a special motion for an expedited consideration of any suit that appears to stifle the defendant's communication on a *matter of public concern. Id.* § 27.003.

*In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding) (emphasis added) (cleaned up); *see also Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018) ("The TCPA protects citizens who associate, *petition* or speak *on matters of public concern* from retaliatory lawsuits that seek to intimidate or silence them.") (emphasis added) (cleaned up) (quoting *Lipsky*, 460 S.W.3d at 584).

Courts have struggled with the scope of right-to-association and right-to-free-speech claims encompassed by the broad language of the TCPA. Before the TCPA was amended to clarify that the exercise of the right of association pertains to "common interests relating to a governmental proceeding or a matter of public

concern,"[1] this court held that the right to association protected under the TCPA must include "common" interests "shared by the public or at least a group," excluding the interests of two tortfeasors conspiring to act for their own selfish benefit. *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 576, 588 (Tex. App.—Fort Worth 2019, pet. denied). In so holding, this court reasoned that it was necessary to harmonize the purpose of the TCPA with its protected rights:

> The definition of *common* that we apply brings the right of association into harmony with the other rights defined by the Act. The other exercises of rights defined in the TCPA have some public component (though they may not be coextensive with First Amendment constitutional rights), and this makes it incongruous to conclude that the word *common* does not embrace at least some public or at least group component. For example, the exercise of the right to free speech requires a communication made in connection with a matter of public concern. Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3). *The exercise of the right to petition requires a communication that pertains to governmental or at a minimum, public proceedings. Id. § 27.001(4)(A)–(E).*

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(2). The legislature amended the definition of the *exercise of the right of association* in 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 1, H.B. 2730, § 1 (amending Tex. Civ. Prac. & Rem. Code Ann. § 27.001(2)). The former version provided that the "*exercise of the right of association* means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Citizens Participation Act, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 961 (cleaned up) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(2)). For cases filed on or after September 1, 2019, "*exercise of the right of association* means to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern." *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1, 11–12, H.B. 2730, §§ 1, 11–12 (cleaned up); *see also Reeves v. Harbor Am. Cent., Inc.*, No. 14-18-00594-CV, 2020 WL 2026527, at *3 n.5 (Tex. App.—Houston [14th Dist.] Apr. 28, 2020, pet. denied).

*Kawcak*, 582 S.W.3d at 579 (emphasis added) (cleaned up); *cf. TotalGen Servs., LLC v. Thomassen Amcot Int'l, LLC*, No. 02-20-00015-CV, 2021 WL 210845, at *4, *5 (Tex. App.—Fort Worth Jan. 21, 2021, no pet.) (mem. op.) (holding that the communications at issue, which were between private businesses on private business matters and not public matters, did not implicate the right to association protected by the TCPA).

In its en banc opinion in *Gaskamp v. WSP USA, Inc.*, the First Court of Appeals in Houston addressed the same issues that this court addressed in *Kawcak*. 596 S.W.3d 457, 474 (Tex. App.—Houston [1st Dist.] 2020, pet dism'd) (op. on reh'g en banc). In requiring the common-interest element of the exercise of the right of free association under the prior version of the TCPA to include a public component, the Houston court similarly stated,

> Defining *common* to include a public component is in line with the TCPA's statutory scheme because it corresponds to the express purpose of the TCPA to protect constitutional rights, while at the same time protecting the rights of persons to file meritorious lawsuits for demonstrable injury. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.002. Requiring a public component also harmonizes the definition with the other two exercises of rights—right of free speech and right to petition—defined in the TCPA, which both have some public component. The exercise of the right of free speech requires a communication made in connection with a matter of public concern. *Id.* § 27.001(3). And the exercise of the right to petition requires a communication that pertains to governmental or at a minimum, public, proceedings. *Id.* § 27.001(4). It would be incongruous to conclude that the word *common*, as used in the definition of *exercise of the right of association*, does not require a public component.

*Gaskamp*, 596 S.W.3d at 474 (cleaned up).

The Dallas court addressed these issues regarding the former version of the TCPA in a similar fashion in its *Goldberg v. EMR (USA Holdings) Inc.*, stating,

> *Exercise of the right of association* means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests.[2] Tex. Civ. Prac. & Rem. Code Ann. § 27.001(2). Exercise of the right of association requires that the nature of the communication between individuals who join together must involve public or citizen's participation.

> *Exercise of the right of free speech* means a communication made in connection with a matter of public concern. *Id.* § 27.001(3). Matter of public concern includes an issue related to health or safety; environmental, economic, or community well-being; or a good, product, or service in the marketplace. *Id.* § 27.001(7)(A), (B), (E).[3] The phrase *matter of public concern* commonly refers to matters of political, social, or other concern to the community, as opposed to purely private matters. Not all communications made in connection with a matter related to health or safety, environmental, economic, or community well-being, or a good, product, or service in the marketplace will constitute the exercise of the right of free speech under the TCPA. The communications themselves must relate to a matter of public concern. A communication related to a good, product, or service in the marketplace must have some

---

[2]*See* supra note 1.

[3]Citizens Participation Act, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 962 (cleaned up) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7)). The legislature amended the definition of a *matter of public concern* in 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 1, H.B. 2730, § 1. The current version of the TCPA defines *matter of public concern* as a statement or activity regarding:

(A)    a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity;

(B)    a matter of political, social, or other interest to the community; or

(C)    a subject of concern to the public.

Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7)(A)–(C).

relevance to a public audience of potential buyers or sellers and not be simply a communication between private parties of matters of purely private concern.

594 S.W.3d 818, 827–28 (Tex. App.—Dallas 2020, pet. denied) (op. on reh'g) (cleaned up); *see also Martin v. Hutcheson*, No. 06-19-00093-CV, 2020 WL 6788243, at *7, *10, *14 (Tex. App—Texarkana Nov. 19, 2020, pet. denied) (mem. op.) (holding TCPA did not apply because (1) communications were not public but were private and about private matters and therefore did not implicate plaintiffs' exercise of freedom of speech and (2) the interests involved were not common but private and therefore plaintiffs' exercise of the freedom of association was not implicated); *Crossroads Cattle Co. v. AGEX Trading, LLC*, 607 S.W.3d 98, 104 (Tex. App.—Austin 2020, no pet.) (holding particular transaction involving buying and selling cattle did not involve a group's common interest, did not amount to exercising the right of association, and did not trigger the TCPA); *Tex. Custom Wine Works, LLC v. Talcott*, 598 S.W.3d 380, 386 (Tex. App.—Amarillo 2020, no pet.) (holding communications that related only to private business transactions affecting only the private parties did not implicate a public interest and therefore the right of association was not impacted and the TCPA did not apply); *Perlman v. EKLS Firestopping & Constr., LLC*, No. 05-18-00971-CV, 2019 WL 2710752, at *3 (Tex. App.—Dallas June 28, 2019, no pet.) (mem. op.) (holding (1) communications involved in private business transaction did not involve public or citizen participation and therefore did not relate to exercise of right of association and (2) even though the contract was for the performance of services at an

6

assisted living facility, the plaintiffs did not show that the communications were related to health and safety sufficiently to tie them to the exercise of free speech).

At least with respect to the rights of free speech and association, purely private disputes did not fall within the scope of the former TCPA. As concluded by the Supreme Court in *Creative Oil & Gas*, "A private contract dispute affecting only the fortunes of the private parties involved is simply not a *matter of public concern* under any tenable understanding of those words." *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 137 (Tex. 2019) (cleaned up).

In this case, which involves purely private matters, not matters of public concern, Jackson contends in her brief that she is entitled to the benefit of the TCPA right to dismissal of Kell Auto's counterclaim. Why? Because she exercised her right to petition by filing her lawsuit, and Kell Auto filed a counterclaim for breach of contract: "Kell Auto['s] . . . counterclaim is being used in response to retaliate and intimidate Ms. Jackson from asserting her right to petition the court under the Deceptive Trade Practices Act." Jackson contends that because the counterclaim was filed after she filed suit against Appellees and after she had filed certain dispositive motions against Appellees' affirmative defenses, the filing of the counterclaim was "in response to" the exercise of her right to petition and therefore the counterclaim should have been dismissed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a).

This is an alleged "plain language" reading of the TCPA, and I recognize that it is consistent with some courts' applications of this provision of the TCPA. *See*

7

*Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 226–28 (Tex. App.—Austin 2018, no pet.) (holding nonmovant Austin's Boat Tours' counterclaims "were brought solely because it was forced to defend Hawxhurst's lawsuit" and were therefore based on, related to, or in response to his suit, which was an exercise of his right to petition); *Serafine v. Blunt*, 466 S.W.3d 352, 359–60 (Tex. App.—Austin 2015, no pet.) (maj. op. on reh'g) (holding the Blunts' fraudulent-lien counterclaim and part of their tortious interference counterclaim were based on, related to, or in response to Serafine's filings, which were exercises of her right to petition under the former TCPA). However, I do not believe those cases provide sufficient analyses.

Justice Pemberton penned a telling concurring opinion in *Serafine.* 466 S.W.3d at 377–82 (concurring op. on reh'g). In it, he exposed the flaws in this type of superficial analysis of the TCPA as it relates to the infringement of the right to petition:

> We must, in short, look beyond what may initially seem to be the plain or obvious import of the phrase "communication in or pertaining to . . . a judicial proceeding" as it appears when read in isolation. We must instead determine its meaning against a broader contextual backdrop of the TCPA read as a whole and in light of background law.

*Id.* at 380. Justice Pemberton contended that the right to petition under the TCPA does not exist in a vacuum but instead must be defined by relying on the more familiar constitutional right to petition:

> In sum, the established understanding of *the right to petition* in constitutional jurisprudence must inform the nature of "a communication in or pertaining to . . . a judicial proceeding" that would

8

qualify as the "exercise of the right to petition" as defined in the TCPA. The phrase was not intended to be read in the abstract or isolation so as to cause the TCPA's definition of the "exercise of the right to petition" to depart materially from the common and long-familiar understanding of what the *right to petition* means. Against its constitutional backdrop and the TCPA read as a whole, "communication in or pertaining to . . . a judicial proceeding" necessarily refers to the sorts of "communications" "in" or "pertaining to" a "judicial proceeding" that would be protected under the First Amendment right to petition.

*Id.* at 382 (cleaned up).

As Justice Pemberton also noted, the Supreme Court has cautioned against plucking statutes from their surrounding context before construing them:

When construing statutes, or anything else, one cannot divorce text from context. The meaning of words read in isolation is frequently contrary to the meaning of words read contextually in light of what surrounds them. Given the enormous power of context to transform the meaning of language, courts should resist rulings anchored in hyper-technical readings of isolated words or phrases. The import of language, plain or not, must be drawn from the surrounding context, particularly when construing everyday words and phrases that are inordinately content-sensitive.

*Id.* at 379.

If the courts interpret the TCPA's protection of the right to petition literally, as Jackson advocates, then in any non-exempt cases, Tex. Civ. Prac. & Rem. Code Ann. § 27.010, where there is a potential counterclaim, the statute will be transformed from a statute that "protects citizens who *petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them*," *Lipsky*, 460 S.W.3d at 584 (emphasis added), into one that protects the first party to win the race to the courthouse. Since any counterclaim is going to at least be "in response to" the

9

plaintiff's exercise of the right to petition by filing suit, the loser in the race to the courthouse is at substantial risk of dismissal. This outcome is hardly consistent with the TCPA's express purpose of protecting "the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002. Justice Pemberton astutely observed the effect of bringing this type of private dispute within the ambit of the TCPA:

> Perhaps the most obvious take-away point is that the TCPA is less an "anti-SLAPP" law than an across-the-board game-changer in Texas civil litigation if a lawsuit like Serafine's—which arises from a boundary dispute and personality conflicts between neighboring homeowners—is elevated to the status of the "exercise of the right to petition" protected by the Act and unremarkable defensive measures like the Blunts assert are made subject to dismissal as "legal actions" "based on, related to, or in response to" that "exercise."

*Serafine*, 466 S.W.3d at 365 (Pemberton, J., concurring) (cleaned up).

The obvious way to avoid this type of unintended "game-changer" is to harmonize the "right to petition" protection of the TCPA with its intended purpose, which puts that provision in proper context, just like courts have done with the right to association and the right to free speech. In other words, where the right to petition involves a matter of public concern, then the TCPA will apply. Otherwise, the TCPA does not apply. Since this case does not involve a matter of public concern, but only involves private business matters, the TCPA does not apply, and the trial court's denial of Jackson's motion to dismiss was proper and should be affirmed.

/s/ Mike Walach

Mike Wallach
Justice

Delivered: November 18, 2021