# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00234-CV

### Dr. Damon C. O'Gan, Appellant

### v.

### Scott Ogle, Appellee

#### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
#### NO. C-1-CV-18-010445, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## MEMORANDUM OPINION

Scott Ogle, pro se, sued Dr. Damon C. O'Gan for theft of his cell phone under the Texas Theft Liability Act (TTLA). *See* Tex. Civ. Prac. & Rem. Code § 134.002 (providing civil cause of action for theft). O'Gan filed a Texas Citizens Participation Act (TCPA) motion to dismiss Ogle's claims, asserting that the lawsuit was baseless and brought in response to a motion to quash that O'Gan filed in a separate suit Ogle brought seeking to depose various people to investigate an alleged slander claim. *See id.* § 27.003.[1] The trial court granted O'Gan's motion in part as to Ogle's claims for intentional infliction of emotional distress and unjust

---

[1] All citations in this opinion to the TCPA are to the version in effect before the September 2019 amendments became effective. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 961–64 (current version at Tex. Civ. Prac. & Rem. Code §§ 27.001–.011), *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, §§ 1–3, 5, 2013 Tex. Gen. Laws 2499, 2499–500 (the version at issue in this opinion); *see also* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12, 2019 Tex. Gen. Laws 684, 687 (amending TCPA and providing that suit filed before amendments become effective "is governed by the law in effect immediately before that date").

enrichment but denied it as to the TTLA claim and did not award O'Gan any attorney's fees or costs. We reverse the portion of the trial court's order denying O'Gan's request for attorney's fees and costs incurred in defending against the dismissed claims and remand for a determination of fees and costs under section 27.009. *See id.* § 27.009. We affirm the remainder of the trial court's order.

## BACKGROUND

Ogle alleged in his petition that he has had two cell phones stolen at or near his law office in the two years before his suit. He claimed that the "exact location" of his first stolen phone, as identified through an app called "LookOut," is currently in the Kyle Police Department, "near the back of the building." He alleged that an officer with the department "has confirmed that Ogle's cellphone is not in the building" but that the officer "won't swear to it because 'Ogle is not a judge.'"

Regarding his second stolen phone, Ogle alleged that

Plaintiff noticed his cell phone not in his vehicle as he left his office. After circling the block back to his law office, Ogle entered his office again, and searched for his cell phone, again using his "LookOut" App. This time, Plaintiff's cell phone was located at "The Nines Grooming Center" . . . three houses down from Plaintiff's law office[.]

Plaintiff walked to the barber shop, and saw Defendant walking briskly to his vehicle located in the rear of the building. Defendant ignored Plaintiff's "hellos", "howdy", and "where is my cellphone?" comments made during Defendant's haste to enter his vehicle. Ogle returned to his office, and the LookOut location of his cellphone had relocated to the exact location of Defendant's vehicle which was the only vehicle in the parking lot. Plaintiff then stood in the parking lot as Defendant was attempting to flee, and recorded O['G]an's license plate number.

Ogle filed an affidavit with the trial court to support his claims. In addition to the above assertions, Ogle averred that he

2

used the "Lookout" application on another device to determine the physical location of [his] missing phone [and that] GPS coordinates showed the phone to be located in [the] barber shop. [After his encounter with O'Gan upon his departure from the barber shop,] the "Lookout" application geolocated [Ogle's] cellular phone to the parking lot wherein Defendant's vehicle was the sole vehicle present.

Ogle sued O'Gan for violation of the TTLA, intentional infliction of emotional distress, and unjust enrichment. He sought attorney's fees and exemplary damages under the TTLA. *See id.* § 134.005 (allowing for person who has sustained damages resulting from theft to recover attorney's fees, court costs, and up to $1000 in additional statutory damages).

In his TCPA motion to dismiss, O'Gan asserted that Ogle "initially sought to depose . . . O'Gan in a Guadalupe County lawsuit" and that "[w]hen . . . O'Gan moved to quash the deposition, [Ogle] responded by filing this lawsuit" within 48 hours. O'Gan contended that Ogle's petition in the Guadalupe County lawsuit "does not name any defendants, but identifies persons that [Ogle] wants to depose in order to investigate what [Ogle] claims to be a slander claim against a member of a 'fake church' involved in 'nefarious activities.'" O'Gan attached to his motion a certified copy of Ogle's petition in the Guadalupe County lawsuit and an email that Ogle sent to O'Gan's counsel just after O'Gan filed his motion to quash. In the email, Ogle stated, "I am willing to reduce the number of objections you seem to have [to the subpoena for deposition in the Guadalupe County lawsuit] by simply filing suit against O'Gan in Small Claims Court here in Travis County." The day after Ogle sent the email, he filed the present lawsuit.

O'Gan attached to his motion his affidavit, in which he averred that he went to a barber shop called "The Nines" in April 2017 and that during his haircut an unknown man entered the lobby of the shop insisting that his cell phone was there. After the man left, the owner locked the shop's door. After O'Gan exited the shop and began approaching his car, the

3

unknown man began yelling at him to get his attention, but O'Gan "did not engage" him because the man was being "aggressive and loud." Instead, O'Gan "entered [his] car to leave" and had to wait "20-30 seconds until [the man] stepped out" from in front of his car so that he could leave.

O'Gan averred that he received a call from a detective with the Austin Police Department a few days after the incident, who told him that "he assumed" Ogle's claim that O'Gan stole his phone was "bogus" but that he "needed to call to hear [O'Gan's] side of the story" and that "he had had previous dealings with Mr. Ogle and did not believe [he] was credible." Over the next few weeks, Ogle "called [O'Gan's] office numerous times speaking rudely to [his] office manager," claiming that O'Gan had stolen his cell phone. About a year and a half after the barber shop incident, O'Gan was served with the subpoena for deposition in Ogle's Guadalupe County lawsuit, and about a month later he was served with a copy of the petition in the present suit.

## DISCUSSION

On appeal O'Gan complains that the trial court erred in not dismissing Ogle's entire suit and in failing to award him attorney's fees, costs, and sanctions under the TCPA. He contends that Ogle failed to establish a prima facie case for the TTLA claim.

### TCPA dismissal procedure

The TCPA is intended to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law" while protecting a person's right to file a meritorious lawsuit for demonstrable injury. *Id.* § 27.002. To that end, the act permits a party to file a motion to dismiss a "legal action" against him if it is based on, relates to, or is in response to his exercise of

his right of free speech, right to petition, or right of association. *See id.* § 27.003(a). Courts review TCPA motions using a three-step analysis. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). First, the party moving for dismissal must show by a preponderance of the evidence that the TCPA applies to the legal action against it. Tex. Civ. Prac. & Rem. Code § 27.005(b). If the movant meets that burden, the nonmovant must establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c).

"The words 'clear' and 'specific' in the context of this statute have been interpreted respectively to mean, for the former, 'unambiguous,' 'sure,' or 'free from doubt' and, or the latter, 'explicit' or 'relating to a particular named thing.'" *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 230 (Tex. App.—Austin 2018, no pet.) (quoting *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding)). A prima facie case is "the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Lipsky*, 460 S.W.3d at 590 (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (per curiam)). Collectively, these elements require that the "plaintiff must provide enough detail to show the factual basis for its claim." *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (per curiam). If the nonmovant satisfies that requirement, the burden shifts back to the movant to prove each essential element of any valid defenses by a preponderance of the evidence. Tex. Civ. Prac. & Rem. Code § 27.005(d). "In determining whether a legal action should be dismissed under [the TCPA], the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a).

In this appeal, Ogle does not dispute that O'Gan established by "a preponderance of the evidence" that his TTLA claim falls under the TCPA—i.e., that it is a "legal action" that is

based on, related to, or in response to at least one of the protected categories of expressive activity defined by the act. Instead, Ogle maintains that the trial court properly denied in part O'Gan's motion because he met his burden under section 27.005(c) of establishing by clear and specific evidence a prima facie case for each essential element of the challenged claims. We review de novo whether Ogle carried his burden.[2] *See Long Canyon Phase II & III Homeowners Ass'n, Inc. v. Cashion*, 517 S.W.3d 212, 218 (Tex. App.—Austin 2017, no pet.).

*Theft*

The TTLA defines "theft" as "unlawfully appropriating property or unlawfully obtaining services as described by [various sections of the] Penal Code." Tex. Civ. Prac. & Rem. Code § 134.002(2). As applicable here, the elements of a cause of action for civil theft are: (1) the plaintiff had a possessory right to the property; (2) the defendant appropriated the property (3) without the owner's effective consent; and (4) the plaintiff sustained damages as a result. *See* Tex. Penal Code § 31.03; Tex. Civ. Prac. & Rem. Code § 134.002. O'Gan contends that Ogle has failed to establish a prima facie case as to elements two and four.

Ogle relies on pleaded facts and circumstantial evidence to establish his prima facie case, which is permitted under the TCPA provided the evidence is clear and specific and would be sufficient as a matter of law to establish a given fact if not rebutted or contradicted. *See Lipsky*, 460 S.W.3d at 590. Circumstantial evidence is "indirect evidence that creates an inference to establish a central fact," *id.*, and it may be used to establish any material fact, as long as the material fact can be reasonably inferred from the known circumstances and transcends mere suspicion, *see Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001).

---

[2] O'Gan did not assert any defenses to the TTLA claim in his TCPA motion.

6

The relevant direct and circumstantial evidence in Ogle's petition and affidavit distills to the following:

- Ogle's "LookOut app" initially indicated that his missing cell phone was in the barber shop.

- Ogle then saw O'Gan walking briskly from the barber shop to his vehicle parked in the barber shop's parking lot.

- O'Gan's vehicle was the only vehicle in the lot at the time.

- O'Gan ignored Ogle's attempts to engage him in conversation.

- After he was rebuffed by O'Gan, Ogle again checked for his phone's location on the "LookOut app," which indicated that the phone was in the "exact location" of O'Gan's vehicle.

- O'Gan drove away.

This evidence meets the "clear and specific" standard because it is unambiguous and explicit. *See Hawxhurst*, 550 S.W.3d at 230. While minimal, it nonetheless amounts to a sufficient quantum from which a factfinder could make the reasonable inferences that O'Gan appropriated Ogle's cell phone (element two of a theft claim) and that Ogle suffered damages as a result (element four of a theft claim). Ogle alleged enough detail to show the factual bases of the challenged elements of his theft claim—that O'Gan removed Ogle's cell phone from the barber shop, took it to his car, and drove away with it. *Cf. Lipsky*, 460 S.W.3d at 590–91 (noting that in defamation case, evidence establishing "the facts of who, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist" TCPA motion).

We conclude that Ogle met his burden to establish a prima facie case for theft under the TTLA. Accordingly, we overrule O'Gan's first issue and hold that the trial court properly denied his TCPA motion to dismiss as to the TTLA claim.

*Attorney's fees*

In his second issue, O'Gan correctly contends that, even if the trial court properly denied his motion as to the TTLA claim, it erred in failing to award him attorney's fees and costs for the claims that it dismissed. *See* Tex. Civ. Prac. & Rem. Code § 27.009 ("If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party . . . court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action[.]"); *D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 442 (Tex. 2017) (holding that trial court must award reasonable attorney's fees for each claim that trial court dismissed, even if it did not dismiss all claims); *Serafine v. Blunt*, No. 03-16-00131-CV, 2017 WL 2224528, at *7 (Tex. App.—Austin May 19, 2017, pet. denied) (mem. op.) (same). Accordingly, we sustain O'Gan's second issue.

**CONCLUSION**

We reverse the portion of the trial court's order denying O'Gan's request for attorney's fees and costs incurred in defending against Ogle's claims of intentional infliction of emotional distress and unjust enrichment and remand this cause for a determination of fees and costs to which O'Gan is entitled under section 27.009 of the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.009. We affirm the remainder of the trial court's order.

8

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed in Part; Reversed and Remanded in Part

Filed:   January 15, 2020