# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00036-CV

---

**Roberto Wendt, Appellant**

**v.**

**Weinman & Associates, P.C., Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
NO. C-1-CV-18-006406, THE HONORABLE TODD T. WONG, JUDGE PRESIDING**

---

## O P I N I O N

Appellee Weinman & Associates, P.C., sued appellant Roberto Wendt to recover outstanding attorney's fees. Wendt moved to dismiss pursuant to the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011.[1] Following a hearing, the trial court denied Wendt's motion to dismiss. Wendt appeals, asserting that the district court erred in denying the motion because (1) the TCPA applies to appellee's claims, (2) appellee failed to carry the burden of establishing by clear and specific evidence a prima facie case for each essential element of the claims, and (3) Wendt established valid defenses to appellee's claims. We will affirm the trial court's order.

---

[1] The TCPA was amended in the 2019 legislative session, but those amendments do not apply to this lawsuit, which was filed before the amendments' effective date. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11, 12, 2019 Tex. Gen. Laws 684, 687 (amendments to TCPA apply "only to an action filed on or after" September 1, 2019).

## BACKGROUND

Wendt hired attorney Daryl Weinman to represent him in a suit for modification of a child custody order, which she did. She began working for Wendt in April 2015, and she represented him in a four-day trial in March 2016 and at post-trial hearings. The district court in that proceeding entered a final order in June 2016. However, Wendt did not pay the full amount of legal fees due, and his outstanding balance at the conclusion of the representation was $34,645.56. Weinman asserted in an affidavit that Wendt repeatedly represented that he would pay the amount due, but he never did. Weinman eventually reduced her fee to $30,000 and offered a payment plan to Wendt to settle the debt. Wendt signed a promissory note in which he agreed to pay Weinman the $30,000 in three installments of $10,000, but Wendt acknowledges that he did not make any payments. Weinman therefore filed the underlying suit on behalf of her firm for breach of contract, quantum meruit, and theft of services. After responding to the suit, Wendt moved for dismissal under the TCPA, asserting that (1) the TCPA applies because petition to collect legal fees is "based on, relates to, and is in response to Wendt's communications concerning the services" and also because the suit "involves" Wendt's right to petition, (2) Weinman failed to make a prima facie case for each essential element of her claims for quantum meruit and theft of services, and (3) Wendt proved affirmative defenses to Weinman's claims. The trial court denied the motion. Wendt appeals.

## ANALYSIS

"The [TCPA] protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). The protection comes in the form of a motion to dismiss a suit that would stifle the defendant's exercise of those rights. *Id.* In analyzing the TCPA's

2

applicability, courts first determine whether the party moving for dismissal has shown by a preponderance of the evidence that the TCPA applies to the legal action against it. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018); *see* Tex. Civ. Prac. & Rem. Code § 27.005(b). We review de novo whether a party has carried its burden under the statute. *Long Canyon Phase II & III Homeowners Ass'n v. Cashion*, 517 S.W.3d 212, 217 (Tex. App.—Austin 2017, no pet.).

**The TCPA's Applicability**

To show that the TCPA applies, Wendt must establish by a preponderance of the evidence that the legal action (Weinman's petition) was based on, related to, or in response to Wendt's exercise of rights protected by the TCPA. Wendt contends that Weinman's suit to collect unpaid attorney's fees was based on, related to, or in response to Wendt's exercise of his right of free speech on a matter of public concern because her suit was brought "in response to Wendt's communications concerning the services provided to him and his communications concerning the payment of those services." He also contends the suit was based on, related to, or in response to his exercise of the right to petition because "the claims are all based on or related to actions and communications associated with a lawsuit." We address each of these contentions in turn.

### *Right of Free Speech*

Private communications made in connection with a matter of public concern fall within the TCPA's definition of the exercise of the right of free speech under the TCPA. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). Further,

> [t]he TCPA does not require that the statements specifically 'mention' health, safety, environmental, or economic concerns, nor does it require more than a

3

> 'tangential relationship' to the same; rather, TCPA applicability requires only that the defendant's statements are 'in connection with' 'issue[s] related to' health, safety, environmental, economic, and other identified matters of public concern chosen by the Legislature.

*ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017) (per curiam) (quoting Tex. Civ. Prac. & Rem. Code § 27.001(3), (7)). The Legislature has defined "matter of public concern" to include "an issue related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." Tex. Civ. Prac. & Rem. Code § 27.001(7).

Wendt has not alleged any particular "communication" by him to support his contention that the TCPA applies, but he urges that his communications with Weinman regarding the modification of a child custody order and his later communications regarding his nonpayment of appellee's invoices are communications regarding a matter of public concern. He specifically argues that "[t]heft of services and the relationship between attorneys and clients are matters of public concern because they concern the economic and community well-being and also involve a service in the marketplace—the rendition of legal services." Wendt has not explained how his communications to Weinman related to matters of public concern beyond stating that those communications—whatever they may have been—were made in the context of appellee providing legal services and billing therefor. We cannot conclude that every communication made by a client to his attorney is a matter of public concern. Accordingly, without knowing the nature of the communications that serve as the basis for Wendt's motion, we determine that Wendt failed to carry his burden of showing by a preponderance of the evidence that appellee's petition was based on, related to, or in response to a communication made in connection with a matter of public concern. *See Mulcahy v. Cielo Prop. Grp., LLC*, No.

4

03-19-00117-CV, 2019 Tex. App. LEXIS 8310, at *8-9 (Tex. App.—Austin Sept. 13, 2019, no pet. h.) (mem. op.) (declining to hold that "*any* exchange of information owned by a real-estate enterprise is a matter of public concern" and holding appellant failed to show TCPA applied where he did not show the nature of information allegedly supporting the TCPA's applicability); *Bacharach v. Doe*, No. 14-14-00947-CV, 2016 Tex. App. LEXIS 612, at *6 (Tex. App.—Houston [14th Dist.] Jan. 21, 2016, no pet.) (mem. op.) (concluding appellant failed to explain how her commentary on proceedings against her was a matter of public concern and stating "[appellant's] conclusory and irrelevant assertions do not show, by a preponderance of the evidence, that [appellee's] suit was initiated in response to [appellant's] exercise of the right of free speech").

### *Right to Petition*

The TCPA applies if "a legal action is based on, relates to, or is in response to a party's exercise of the . . . right to petition." Tex. Civ. Prac. & Rem. Code § 27.003(a). As relevant here, "[e]xercise of the right to petition" is broadly defined to include "(A) a communication in or pertaining to: (i) a judicial proceeding." *Id.* § 27.001(4)(A)(i). "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1).

In his motion to dismiss, the entirety of Wendt's argument regarding his right to petition was: "In addition, because the services in question that form the basis of the claims were services performed in legal proceedings (which Mr. Wendt challenges were performed correctly), the new claims also implicate the right of petition." As a result, the question before us is whether Wendt carried his burden of showing by a preponderance of the evidence that

5

appellee's suit for unpaid legal fees constitutes a legal action based on, related to, or in response to Wendt's exercise of the right to petition. Wendt has neither identified nor described the communication he made pertaining to a judicial proceeding that he alleges constitutes his right to petition. Although the TCPA's definition of the right to petition is "expansive," *Youngkin*, 546 S.W.3d at 680, the burden nonetheless remains on the movant to identify the communication made by the movant that supports application of the TCPA, *e.g.*, *id.* at 680-81 (holding that TCPA applied to nonclient's claims against attorney because attorney's alleged liability "stem[med] from his dictation of the Rule 11 agreement into the court record during trial," attorney's statement was made in judicial proceeding, and claim thus implicated attorney's right to petition); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 228 (Tex. App.—Austin 2018, no pet.) (concluding that a "'counterclaim' or 'motion for sanctions' was a 'legal action' that was 'based on, relate[d] to, or [was] in response to' [appellant's] lawsuit, which was an 'exercise of [his] right to petition' as a 'communication in or pertaining to . . . a judicial proceeding'"). Because Wendt has not done so, he has not shown by a preponderance of the evidence appellee's suit was based on, related to, or in response to his exercise of the right to petition. The fact that appellee is suing to collect on a promissory note, or in the alternative under theories of quantum meruit or theft of services, does not automatically implicate Wendt's right to petition in the lawsuit that concluded two years before appellee sued to collect the unpaid attorney's fees.

Accordingly, we conclude that on this record Wendt failed to demonstrate by a preponderance of the evidence that Weinman's suit to collect attorney's fees was based on, related to, or in response to Wendt's exercise of rights protected by the TCPA. Thus, the trial court did not err in denying Wendt's motion to dismiss.

**Attorney's Fees**

Appellee asks this Court to award it attorney's fees, but appellee did not file a cross-appeal or provide another basis for recovering attorney's fees through this appeal. Accordingly, we do not address this issue. *See* Tex. R. App. P. 25.1(c) ("A party who seeks to alter the trial court's judgment . . . must file a notice of appeal.")

## CONCLUSION

We affirm the trial court's judgment.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   January 31, 2020

7