# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00936-CV

---

**Michael Quinn Sullivan, Appellant**

**v.**

**Texas Democratic Party and Ana-Marie Ramos, Appellees**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-004577, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Texas Democratic Party and Ana-Marie Ramos (collectively, TDP) sued Michael Quinn Sullivan seeking declaratory and injunctive relief and damages arising out of conduct that they alleged violated the Texas Election Code. Sullivan filed a motion to dismiss pursuant to the Texas Citizens Participation Act. *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011 (the TCPA).[1] After a hearing, the trial court denied the motion. In two issues, Sullivan asserts that the trial court erred by denying the motion to dismiss because the TCPA applies to TDP's claims and TDP failed to produce clear and specific evidence of a prima facie case for each essential element of their causes of action. We conclude that Sullivan failed to carry his burden of

---

[1] The 86th Legislature amended the Texas Citizens Participation Act. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Gen. Laws 684. The prior version of the statute continues, however, to control cases filed before September 1, 2019. *See id.* §§ 11-12, 2019 Tex. Gen. Laws at 687. This is one such case. All citations to the TCPA in this opinion are to the version of the statute in effect before the September 2019 amendments became effective.

establishing that the TCPA applies to TDP's claims. Accordingly, we affirm the trial court's denial of Sullivan's motion to dismiss.

## BACKGROUND

In July 2019, Sullivan made public statements to the effect that then-Speaker of the Texas House of Representatives Dennis Bonnen (the Speaker) had offered him an "unethical quid pro quo" during a meeting that occurred in June 2019 and that was attended by Sullivan, the Speaker, and State Representative Dustin Burrows. Sullivan later made a public statement that he had recorded the meeting.

In August 2019, TDP sued Sullivan in Travis County district court seeking declaratory and injunctive relief and damages for alleged violations of the Texas Election Code. In its petition, TDP alleged that then-Speaker of the Texas House of Representatives Dennis Bonnen (the Speaker), during a meeting with Sullivan, was recorded soliciting political expenditures and contributions in exchange for government benefits the Speaker would deliver. TDP alleged that the recording of the meeting also included comments by the Speaker seeking coordination with Sullivan and his political committee, Empower Texans, with respect to upcoming elections.

TDP alleged that Sullivan had recorded the meeting and then allowed numerous people to listen to the recording and later wrote and published an account of the recorded meeting. TDP alleged that, according to people who had listened to the recording or were present at the meeting, the Speaker offered valuable government benefits, including media credentials permitting people to enter the Texas House Chamber when the House was in session, in exchange for political contributions and expenditures against the Speaker's targeted political

2

enemies. TDP alleged that the meeting constituted a coordination meeting between political actors intended to influence the election or defeat of specific candidates and resulted in the formation of a political committee as defined by state law. TDP further alleged that the political committee was not registered with an appointed treasurer as required by law and had not filed required public reports of campaign related activities. Additionally, TDP alleged that the Speaker's conduct and proposed activities violated Texas campaign finance law. TDP did not allege that Sullivan's post-meeting public statements that the meeting had occurred and that he had recorded it, or any other of Sullivan's post-meeting conduct, constituted violations of the Texas Election Code. Rather, its allegations of Texas Election Code violations were based on the Speaker's conduct during the meeting, including statements made by the Speaker and the activities he proposed during the meeting.[2]

In its petition, TDP requested a declaration that the activities described in the recording violated Texas law and sought an injunction to prohibit any planned or ongoing campaign finance violations. TDP also sought damages provided by the Texas Election Code. To support its claims, TDP contemporaneously filed a request for production of the full recording Sullivan claimed to have made of his meeting with the Speaker.[3] Sullivan filed a general denial and verified plea, which he verified by his affidavit. *See* Tex. R. Civ. P. 93 (certain pleas to be verified). Thereafter, Sullivan filed a motion to dismiss the suit as having no basis in law or fact, *see id.* R. 91a (dismissal of baseless causes of action), and a motion to dismiss pursuant to the TCPA, *see* Tex. Civ. Prac. & Rem. Code § 27.003.

---

[2] We note that although TDP's allegations of Texas Election Code violations center around the Speaker's conduct, TDP did not name the Speaker as a defendant in the suit.

[3] At the time TDP filed suit, Sullivan had not released a copy of the recording and had not permitted TDP to listen to it.

When Sullivan objected to TDP's request that he produce the recording of the meeting, TDP filed a motion to compel. After considering the motion and response, the trial court ordered Sullivan to produce "the complete, unedited recording of his conversation with the Speaker." In response, Sullivan filed a petition for writ of mandamus, asking this Court to order the trial court to withdraw its order. While the petition for writ of mandamus was pending, Sullivan released the recording and the Speaker announced that he would not seek reelection. Because of these developments, TDP informed the trial court that it no longer wished to pursue its claims for declaratory and injunctive relief or damages pursuant to the Texas Election Code and filed a motion for nonsuit. TDP also filed a motion to dismiss as moot the original proceeding then pending in this Court. Sullivan did not oppose the motion to dismiss, and this Court dismissed the petition for writ of mandamus as moot. *See In re Sullivan*, No. 03-19-00739-CV, 2019 WL 5687890, at *1 (Tex. App.—Austin Nov. 1, 2019, orig. proceeding) (mem. op.).

Sullivan then set a hearing on his motions to dismiss. At the hearing, Sullivan withdrew his Rule 91a motion to dismiss but continued to maintain that TDP's suit was subject to the TCPA and requested attorneys' fees of approximately $15,000 pursuant to the statute. *See* Tex. Civ. Prac. & Rem. Code § 27.009; *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 232 n.4 (Tex. App.—Austin 2018, no pet.) (holding TCPA dismissal motion is claim for affirmative relief that survives nonsuit). In his motion to dismiss, Sullivan stated that the TCPA applied to TDP's claims because (1) his attendance at the meeting was an exercise of the right to petition and (2) his post-meeting "publication of accounts of that meeting, and exposure of the misbehavior of the public officials involved [was] an exercise of the right of free speech as it directly related to a matter of public concern." After a hearing, the trial court determined that the TCPA did not apply to TDP's claims for relief under the Texas Election Code or the Texas

4

Declaratory Judgments Act and denied Sullivan's claims for attorneys' fees, costs, sanctions, and expenses. This appeal followed.

## DISCUSSION

The TCPA protects citizens from retaliatory lawsuits meant to intimidate or silence them on matters of public concern. *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019); *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). The stated purpose of the act is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002; *see ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). To that end, the TCPA provides a procedure to expedite the dismissal of a "legal action" that appears to stifle the nonmovant's exercise of the rights protected by the statute. *See Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018); *see also* Tex. Civ. Prac. & Rem. Code §§ 27.003(a), .005(b).

Under the act, a party may file a motion to dismiss a "legal action" if it is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association. *See* Tex. Civ. Prac. & Rem. Code § 27.003(a). Courts review TCPA motions using a three-step analysis. *Youngkin*, 546 S.W.3d at 679. First, the party moving for dismissal must show by a preponderance of the evidence that the TCPA applies to the legal action against it. Tex. Civ. Prac. & Rem. Code § 27.005(b). If the movant meets that burden, the nonmovant must establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmovant satisfies that requirement, the

5

burden shifts back to the movant to prove each essential element of any valid defenses by a preponderance of the evidence. *Id.* § 27.005(d). "In determining whether a legal action should be dismissed under [the TCPA], the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a). We review de novo whether each party met its respective burden. *See Long Canyon Phase II & III Homeowners Ass'n v. Cashion*, 517 S.W.3d 212, 218 (Tex. App.—Austin 2017, no pet.).

### *Does the TCPA apply?*

In his TCPA motion, Sullivan argued that TDP's claims against him are based on, related to and in response to his exercise of his right to free speech—specifically, his post-meeting statements informing the public about the meeting—and his right to petition— specifically, attending a meeting with government officials.[4] The applicable version of the TCPA defines the "exercise" of each of those rights as the making or submitting of a "communication."[5] The "exercise of the right to free speech" means "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3). The portions of the definition of the "exercise of the right to petition" on which Sullivan relies are: (1) "a communication in or pertaining to a legislative proceeding, including a proceeding of a legislative committee," *id.* § 27.001(4)(A)(iv); (2) "a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding," *id.* § 27.001(4)(B); and (3) "any other

---

[4]  Sullivan did not argue that TDP's suit was related to any of his speech during the meeting and, in fact, disclaimed having "participate[d] in Bonnen's quid pro quo scheme."

[5]  The TCPA defines "communication" as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Tex. Civ. Prac. & Rem. Code § 27.001(1).

communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state," *id.* § 27.001(4)(E). Thus, to meet his initial burden, Sullivan was required to prove by a preponderance of the evidence that TDP's claims (a) are based on or related to Sullivan's communications that were either (b) made in connection with a matter of public concern or (c) in connection with an issue under consideration or review by a legislative proceeding, an issue under consideration or review by a legislative body, or that fall within the United States' or the states' protection of the right to petition government. *See id.* §§ 27.001, .005(b).

In determining whether Sullivan met his initial burden, we focus on TDP's pleadings, which "are the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) ("The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." (citations omitted)). From TDP's pleadings we determine whether the factual bases of the challenged claims constitute "expression" within the TCPA's definitions. *See Sloat v. Rathbun*, 513 S.W.3d 500, 503 (Tex. App.—Austin 2015, pet. dism'd). In determining the factual bases for the challenged claims, we consider the pleadings and other evidence in the light most favorable to the nonmovant and prevailing party below, "favoring the conclusion that [the nonmovant's] claims are not predicated on protected expression." *Id.* at 504; *see* Tex. Civ. Prac. & Rem. Code § 27.006(a).[6]

---

[6] Our analysis does not include consideration of the recording of the meeting, which was not part of the record before the trial court. Moreover, Sullivan did not rely on the recording when attempting to meet his initial burden of showing by a preponderance of the evidence that the TCPA applied to TDP's suit.

7

*Exercise of the right of free speech*

Sullivan contends that his post-meeting publication of accounts of his meeting with the Speaker and his subsequent exposure of "the misbehavior of the public officials involved in the meeting" was an exercise of the right of free speech because it was a communication made in connection with a matter of public concern. Sullivan reasons that because he made a communication that falls within the statutory definition of the exercise of free speech, the TCPA applies to TDP's lawsuit against him. However, for the TCPA to apply to the claims TDP asserted, those claims must be based on, relate to, or be made in response to a protected communication. *See Dallas Morning News*, 579 S.W.3d at 376-77 ("The Texas Citizens Participation Act is a bulwark against retaliatory lawsuits meant to intimidate or silence citizens on matters of public concern." (citing *In re Lipsky*, 460 S.W.3d at 586)). To trigger the TCPA's protection, the "legal action" must be "factually predicated on the alleged conduct that falls within the scope of [the] TCPA's definition of 'exercise of the right of free speech,' petition, or association." *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 879 (Tex. App.—Austin 2018, pet. denied); *see* Tex. Civ. Prac. & Rem. Code § 27.003(a) (requiring that "legal action" be based on, related to, or in response to movant's exercise of statutory right). Sullivan was required to establish a nexus between TDP's claims and the conduct he contends was protected by the statute.

A review of TDP's petition shows that its claims against Sullivan are not factually predicated on either Sullivan's post-meeting public statements about the meeting with the Speaker or any statements he made that exposed "misbehavior of public officials." TDP's lawsuit did not seek to silence Sullivan when he later spoke out about the meeting but, instead, to secure a declaration that the Speaker's conduct and the activities discussed during the meeting

8

constituted violations of the Texas Election Code.[7]  In connection with, and to support, its request for declaratory relief, TDP also sought to compel Sullivan to release the recording of the meeting in which Sullivan claimed that the Speaker offered him "an unethical quid pro quo."  Although Sullivan argued in his motion that TDP sought damages against him for "blowing the whistle" about the misbehavior he alleges took place in the meeting, TDP's petition seeks no such damages.  TDP's claim for damages is based not on Sullivan's post-meeting statements about the meeting with the Speaker but on its belief that the activities the Speaker proposed in the meeting would constitute violations of the Texas Election Code.  *See, e.g.*, Tex. Elec. Code §§ 253.001 (contribution or expenditure in another's name prohibited; .004 (unlawfully making expenditure). TDP sought a declaration that the Speaker's proposed activities, as described by Sullivan, constituted violations of the Texas Election Code and requested damages for those violations as provided by statute.  *See id.* §§ 253.131 (liability to candidates), .132 (liability to political committees).[8]

We conclude that Sullivan failed to establish by a preponderance of the evidence that TDP's claims are, as he asserted, based on, related to, or in response to his post-meeting exercise of his right of free speech as defined by the TCPA.

---

[7]  In fact, the petition does not identify any communication that Sullivan made during the meeting that it alleged constituted a violation of the Texas Election Code.

[8]  Before TDP non-suited its claims, Sullivan had moved to dismiss them on the ground that TDP had not "alleged sufficient facts to establish they are being harmed, or in danger of being harmed" nor had they "alleged sufficient facts to establish a violation of the Texas Election Code has occurred" or would occur.  *See* Tex. R. Civ. P. 91a (party may move to dismiss cause of action on grounds that it has no basis in law or fact).

9

***Exercise of the right to petition***

The TCPA sets out a number of ways in which a communication can be the "exercise of the right to petition." Tex. Civ. Prac. & Rem. Code § 27.001(4); *see also Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 283-84 (Tex. App.—Dallas 2015, pet. denied) (noting that TCPA broadly defines "the exercise of the right to petition"). Sullivan contends that the TCPA applies because he was exercising his right to petition during his meeting with the Speaker. In his motion to dismiss, Sullivan asserted, with no evidentiary support, that he was attending "a meeting in the Capitol with government officials to discuss the results of the legislative session." Thus, Sullivan maintains, his communications were "pertaining to a legislative proceeding," "in connection with an issue under consideration in a legislative proceeding," or otherwise falling within the constitutionally protected right to petition the government. In his verification attached to his original answer, Sullivan averred that:

> I attended a meeting on June 12, 2019 with Texas House Speaker Dennis Bonnen and State Rep. Dustin Burrows in Bonnen's office in the Texas State Capitol. The meeting was arranged at Bonnen's invitation. During the meeting, Bonnen solicited certain political actions from me, including the withholding of political expenditures against him and his allies, the alteration of news coverage of him and the legislature, and the targeting of political expenditures against a list of state representatives he and Burrows identified. In exchange, Bonnen offered to grant Texas House media credentials to reporters for *Texas Scorecard*, a publication of Empower Texans, Inc., of which I am the CEO.

> At no point prior to or during the meeting did I solicit Bonnen's offer, and at no point before, during, or after the meeting did I accept the offer, agree to any plan of action, or otherwise participate in Bonnen's quid pro quo scheme.

In an affidavit submitted in support of his motion to dismiss, Sullivan averred that:

> I am employed as the CEO of Empower Texans, Inc., a non-profit media organization which publishes *Texas Scorecard*. I attended a meeting on June 12, 2019 with Texas House Speaker Dennis Bonnen and State Rep. Dustin Burrows

10

in Bonnen's office in the Texas State Capitol. The meeting was arranged at Bonnen's invitation. During the meeting, Bonnen made an unethical quid pro quo offer to me.

Nothing in either of these affidavits constitutes evidence that the meeting between Sullivan and the Speaker was convened for the purpose of "discuss[ing] the results of the legislative session." Likewise, there are no allegations in TDP's petition that Sullivan's meeting with the speaker had any connection to or was convened to discuss any legislative proceeding or any issue under consideration or review by a legislative body. Sullivan's sworn statements unequivocally state that the Speaker "arranged" the meeting and that during the meeting he "solicited certain political actions" from Sullivan. Sullivan produced no evidence that any communications made at the meeting were made in connection with a legislative proceeding or issue under review by a legislative body.

Moreover, even assuming any of Sullivan's communications during the meeting could constitute "petitioning" activities as defined by the TCPA, Sullivan failed to establish that TDP's claims were based on, related to, or in response to any of his communications. *See Encore Enters., Inc. v. Shetty*, No. 05-18-00511-CV, 2019 WL 1894316, at \*2 (Tex. App.—Dallas Apr. 29, 2019, pet. denied) (mem. op.) (defendant must show that plaintiff's lawsuit implicates *defendant's* communications); *see also* Tex. Civ. Prac. & Rem. Code § 27.001(4). TDP's claims arise out of, relate to, and are in response to communications made by the Speaker and the activities and conduct he proposed during the meeting. In his affidavit Sullivan expressly disclaims having either solicited the Speaker's offer, accepted the Speaker's offer, agreed to any plan of action, or otherwise participated in the Speaker's "quid pro quo scheme." The pleadings demonstrate that the gravamen of TDP's suit was its contention that the Speaker's

11

conduct during the meeting constituted violations of the Texas Election Code. *See Hersh*, 526 S.W.3d at 467 (plaintiff's petition is the "best and all-sufficient evidence of the nature of the action.'").

We conclude that Sullivan failed to establish by a preponderance of the evidence that TDP's claims were based on, related to, or in response to Sullivan's exercise of his right to petition as defined in the TCPA.

## CONCLUSION

Because Sullivan failed to satisfy his initial burden of establishing by a preponderance of the evidence that the TCPA applies to TDP's claims, the trial court did not err by denying the motion to dismiss. Having concluded that Sullivan failed to meet his initial burden, we need not address his other issues regarding whether TDP established a prima facie case for each essential element of its claims, whether the trial court should have awarded attorneys' fees, or whether this Court should remand the cause to the trial court for an award of sanctions. *See* Tex. R. App. P. 47.1, 47.4.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Triana

Affirmed

Filed: April 6, 2021

12