**Opinion issued May 9, 2024**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-23-00443-CV

————————————

**KINETIC CONTENT, LLC, Appellant**

**V.**

**TRAN DANG, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-50674**

---

## O P I N I O N

Appellant Kinetic Content, LLC (Kinetic) takes this interlocutory appeal from the trial court's denial of its motion to dismiss appellee Tran Dang's motion for sanctions pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE § 27.001–.011; *see also* TEX. CIV. PRAC. & REM. CODE

§ 51.014(a)(12) (authorizing interlocutory appeal from order denying TCPA motion to dismiss). In five issues, Kinetic asks us to consider whether (1) the right to file a special appearance is a protected right, (2) a motion for sanctions is a "legal action" pursuant to the TCPA, (3) a finding of sanctionable conduct must be based on evidence of groundlessness or bad faith, (4) a non-resident defendant is subject to jurisdiction in the absence of factual allegations that a tort occurred in Texas, and (5) the trial court erred in denying the TCPA motion to dismiss. We affirm.

## Background

In April and May 2022, Dang participated in the Netflix reality television series *Love is Blind*. In August 2022, Dang filed a civil suit against fellow participant Thomas Smith, Kinetic, and Delirium TV, LLC (Delirium). Dang alleged that during filming, Smith sexually assaulted her. Dang further contended that she and Smith were employees of Kinetic and Delirium (entities she describes as the producers of *Love is Blind*) and as such, Kinetic and Delirium are liable for Thomas's assault under theories of respondeat superior and vicarious liability.[1]

In response to Dang's suit, Kinetic filed a special appearance pursuant to Texas Rule of Civil Procedure 120a.[2] Kinetic argued that the trial court lacked

---

[1]    In addition to her claims for civil assault, Dang sued Kinetic and Delirium for false imprisonment and negligence.

[2]    The trial court's ultimate denial of Kinetic's special appearance forms the basis of a companion appeal, *Kinetic Content, LLC v. Dang*, No. 01-23-00444-CV. A second

2

personal jurisdiction over Kinetic because (1) Kinetic does not do business in Texas, (2) it does not have the requisite contacts with Texas, and (3) Dang's claims pertain to the conduct of Delirium, not Kinetic.

Dang filed a response to Kinetic's special appearance, which included a Rule 13 motion for sanctions. *See* TEX. R. CIV. P. 13. Dang's motion argued that the declaration of Kinetic's Vice President of Business & Legal Affairs, John L. Roncone III, which accompanied Kinetic's special appearance, was "presented in violation of Rule 13." Specifically, Dang argued that the declaration failed to negate the jurisdictional facts outlined in Dang's petition and included false information. Dang requested sanctions in the amount of $18,480, representing attorney's fees for the preparation of her response and opposition to the special appearance.

On March 6, 2023, Kinetic filed a "Motion to Dismiss Plaintiff's Motion for Sanctions Pursuant to Chapter 27 of the Texas Civil Practice[] and Remedies Code" subject to its special appearance. Kinetic's TCPA motion argued that (1) Dang's sanctions motion added a claim for legal and equitable relief and was therefore a "legal action" under the TCPA; (2) the sanctions motion was based on or in response to Kinetic's filing of a special appearance, which was protected under the right to

---

companion case arises from the trial court's denial of Delirium's motion to compel arbitration, *Delirium TV, LLC v. Dang*, No. 01-23-00383-CV, 2024 WL 1513878 (Tex. App.—Houston [1st Dist.] Apr. 9, 2024, no pet. h.).

petition; and (3) Dang failed to provide evidence supporting each element of her claim for sanctions.

Dang filed her response to the TCPA motion on April 24, 2023. Dang's response argued that applying the TCPA to a motion for sanctions would yield an absurd result—serving to proliferate litigation contrary to the TCPA's stated purpose. Dang also pointed to the TCPA's language stating that it "does not abrogate or lessen any other . . . remedy . . . available under other . . . statutory, case, or common law or rule provisions." TEX. CIV. PRAC. & REM. CODE § 27.011(a). She argued that applying this language, the TCPA could not be interpreted "as abrogating preexisting statutes and rules authorizing the pursuit of sanctions for litigation abuse." Dang further contended that, even if the TCPA applied to her motion for sanctions, she had met her burden under the TCPA to present clear and specific evidence of the essential elements of her claim for sanctions. *See id.* § 27.005(c).

On May 1, 2023, the trial court conducted a hearing on Dang's request for sanctions and Kinetic's TCPA motion to dismiss. Ultimately, on May 10, 2023, the trial court signed an order denying Kinetic's TCPA motion without stating the basis for its ruling.[3] This appeal followed.

---

[3] In a separate order signed the same day, the trial court denied Kinetic's special appearance and Dang's motion for sanctions.

## Applicability of the TCPA

Kinetic's issues on appeal relate to the trial court's denial of its TCPA motion. We first consider whether the TCPA applies to Dang's motion for sanctions at all. If it does not, we need not reach Kinetic's remaining issues. *See Keane Frac, LP v. SP Silica Sales, LLC*, 608 S.W.3d 416, 432 n.6 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (declining to perform additional steps of TCPA analysis after concluding appellant failed to establish TCPA applied).

### A.    The TCPA

The purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. The statute provides this protection by authorizing a motion to dismiss early in the covered proceedings, subject to expedited interlocutory review. *McLane Champions, LLC v. Hous. Baseball Partners LLC*, 671 S.W.3d 907, 914 (Tex. 2023) (citing TEX. CIV. PRAC. & REM. CODE §§ 27.003, .008).

The Legislature instructs courts to liberally construe the TCPA to ensure its stated purpose and intent are fully effectuated, but the statute "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other

constitutional, statutory, case, or common law or rule provisions." TEX. CIV. PRAC. & REM. CODE § 27.011(a), (b); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017). Under the TCPA, a party may file a motion to dismiss a "legal action" that is "based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE § 27.003(a); *see also Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131 (Tex. 2019). Here, Kinetic contends that Dang's motion for sanctions pursuant to Texas Rule of Civil Procedure 13 is a "legal action" filed in response to Kinetic's exercise of its right to petition in the form of a special appearance.

## B.    The Parties' Burdens

A party who moves for dismissal pursuant to the TCPA invokes a three-step, burden-shifting process: (1) the movant seeking dismissal must demonstrate by a preponderance of the evidence that a "legal action" has been brought against it and that the action is "based on or is in response to" an exercise of a protected constitutional right; (2) the burden shifts to the party bringing the legal action to avoid dismissal by establishing, by clear and specific evidence, a prima facie case for each essential element of the claim in question; and (3) the burden shifts back to the movant to justify dismissal by establishing an affirmative defense or other ground on which it is entitled to judgment as a matter of law. *See McLane*

*Champions*, 671 S.W.3d at 914 & n.6 (citing TEX. CIV. PRAC. & REM. CODE § 27.005(b)–(d)). If the movant does not meet the initial burden, the motion to dismiss fails. *See Keane Frac, LP*, 608 S.W.3d at 432 n.6.

## C.     Standard of Review

We apply a de novo standard of review to a trial court's ruling on a TCPA motion to dismiss. *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 470 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd) (en banc) (citing *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)). In considering whether a legal action is subject to or should be dismissed under the TCPA, we consider the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and supporting and opposing affidavits stating the facts on which the liability or defense is based. TEX. CIV. PRAC. & REM. CODE § 27.006(a). The nonmovant's allegations, and not the TCPA movant's admissions or denials, constitute the basis of a legal action. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). We likewise view the pleadings and evidence in the light most favorable to the nonmovant. *Kassab v. Pohl*, 612 S.W.3d 571, 577 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). Whether the TCPA applies is an issue of statutory interpretation that we also review de novo. *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018).

**D.** **"Legal Action" under the TCPA**

As noted above, Dang sought sanctions against Kinetic under Texas Rule of Civil Procedure 13, contending that Kinetic's special appearance was groundless because it was supported by a single declaration. Dang argued that the declaration had no basis in law or fact and contained "demonstrable falsehoods," in violation of Rule 13. In response, Kinetic filed a TCPA motion to dismiss the motion for sanctions, contending that such a motion is a "legal action" and thus subject to dismissal under the TCPA.

The question of whether Dang's motion for sanctions constitutes a "legal action" under the TCPA is a question of law pertaining to statutory construction, which we review de novo. *See In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020) (orig. proceeding) (per curiam). If a statute's language is unambiguous, "'we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results.'" *Id.* (quoting *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018). We view the statute as a whole rather than examining isolated provisions. *See In re Panchakarla*, 602 S.W.3d at 540; *Youngkin v. Hines*, 546 S.W.3d 675, 680–81 (Tex. 2018). Accordingly, we not only look to the TCPA's broad definition of "legal action" but also to any exclusions from the definition.

The TCPA applies to any legal action that is based on or is in response to a party's exercise of the right to petition, among other enumerated rights. TEX. CIV. PRAC. & REM. CODE § 27.003(a). The TCPA defines a "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.* § 27.001(6). After the Legislature's 2019 amendments to the definition of "legal action," it now expressly excludes "a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief." *Id.* § 27.001(6)(A).

Because the statutory exclusions do not expressly mention a motion for sanctions, we must determine if a motion for sanctions pursuant to Texas Rule of Civil Procedure 13 qualifies under the first enumerated exclusion and is "a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief." *Id.*

Dang's motion for sanctions is undisputedly a "motion made in an action" (i.e., in Dang's lawsuit), so we turn next to the question of whether it "amend[s] or add[s] a claim for legal, equitable, or declaratory relief." *See id.* Since the TCPA does not define a "claim" or "relief," we give these words their plain or ordinary meaning. *See Panchakarla*, 602 S.W.3d at 540; *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding). We traditionally look first to dictionary definitions

9

to determine a term's common or ordinary meaning. *See Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 208 (Tex. 2020). "Claim" is defined to include "[t]he assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional." *Claim*, BLACK'S LAW DICTIONARY (11th ed. 2019). The definition of "relief" includes "the redress or benefit . . . that a party asks of a court," and another term for "relief" is "remedy." *Relief*, BLACK'S LAW DICTIONARY (11th ed. 2019). Further, a "remedy" is "[t]he means of enforcing a right or preventing or redressing a wrong; legal or equitable relief." *Remedy*, BLACK'S LAW DICTIONARY (11th ed. 2019). Considering these definitions, we conclude that the salient determination is whether a Rule 13 motion for sanctions is an assertion of an existing right a party seeks to enforce.

"Various rules and statutes imbue courts with authority to sanction attorneys" and parties. *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717–18 (Tex. 2020) (citing TEX. CIV. PRAC. & REM. CODE §§ 10.001–.006; TEX. R. CIV. P. 13) (other citations omitted). "A court's inherent authority includes the 'power to discipline an attorney's behavior.'" *Id.* at 718 (quoting *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997)). One of those sources of authority is Texas Rule of Civil Procedure 13, which provides:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or

10

groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, *the court, upon motion or upon its own initiative*, after notice and hearing, *shall impose an appropriate sanction* available under Rule 215, upon the person who signed it, a represented party, or both.

TEX. R. CIV. P. 13 (emphasis added). As is clear from the language of Rule 13, the court may impose sanctions under the rule "upon its own initiative." *Id.*

Considering this very language in Rule 13, the Beaumont Court of Appeals recently explained that "[i]f a court can sanction on its 'own initiative' and under its inherent authority (i.e., absent the motion of a party), it is not an existing right that a party holds; it belongs to the court." *Thuesen v. Scott*, 667 S.W.3d 467, 474 (Tex. App.—Beaumont 2023, no pet.). The *Thuesen* court reasoned that:

Even if the party requesting sanctions presents proof that a pleading was groundless, frivolous, filed in bad faith, or for an improper purpose, it does not mean they are entitled to payment or an equitable remedy; rather, the sole determination of whether to sanction a party and what that sanction will be rests within the trial court's discretion.

*Id.*; *see also Appleton v. Appleton*, 76 S.W.3d 78, 86 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("Whether to impose Rule 13 sanctions is within the trial court's sound discretion.").

The Beaumont Court of Appeals also recognized that the trial court's imposition of sanctions implicates due process concerns, which requires

11

consideration of a two-part test: (1) a direct nexus must exist between the offensive conduct, offender, and the sanction award; and (2) a sanction must fit the triggering offense and be no more severe than necessary to satisfy its legitimate purposes. *See Thuesen*, 667 S.W.3d at 474 (citing *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 363 (Tex. 2014)). "'Legitimate purposes may include securing compliance with the relevant rules of civil procedure, punishing violators, and deterring other litigants from similar misconduct.'" *Id.* (quoting *Nath*, 446 S.W.3d at 363). Because "a motion for sanctions asks the court to exercise its authority and discretion to discipline and deter bad behavior with limiting due process considerations discussed above rather than to address a party's 'enforceable right,'" the court held that a motion for sanctions "does not amend or add a claim" and therefore is not a "legal action" as defined by the TCPA. *Id.* at 474–75.

We agree with this reasoning in *Thuesen*. Considering the language of the TCPA, as well as the purpose behind Rule 13 sanctions, we conclude that a party seeking sanctions under Rule 13 is not asserting an existing right, i.e., a claim, or seeking legal, declaratory, or equitable relief. *See also Barnes v. Kinser*, 600 S.W.3d 506, 510 (Tex. App.—Dallas 2020, pet. denied) (holding that motion for sanctions was not "legal action" under pre-2019 amendment version of TCPA and noting that focus of sanctions inquiry is not legal merit of pleading or motion but conduct of

party or lawyer at time pleading was filed; as such, Rule 13 request for sanctions could not be "procedural vehicle for the vindication of a legal claim").

The right to impose sanctions belongs to the trial court. *See* TEX. R. CIV. P. 13 (court may impose sanctions "upon its own initiative"). The trial court, in its discretion, determines whether to impose sanctions, and, if so, what "appropriate" form of sanctions should be imposed. Appropriate sanctions under Rule 13 could include an award of attorney's fees, discovery costs, other expenses, or other sanctions, such as striking a party's pleadings, prohibiting a party from introducing certain evidence, or finding a party in contempt of court. *See id.* (authorizing trial court to impose "an appropriate sanction available under [Texas] Rule [of Civil Procedure] 215"); 215.2(b) (authorizing trial court to impose "just" sanctions including, but not limited to, above examples).[4] Accordingly, we agree with the court's analysis in *Thuesen* that because a motion for sanctions does not assert an existing right and is not a right to receive payment or an equitable remedy, it "does not amend or add a claim." TEX. CIV. PRAC. & REM. CODE § 27.001(6)(A); *see also Dow Jones & Co. v. Highland Cap. Mgmt., L.P.*, 564 S.W.3d 852, 857 (Tex. App.— Dallas 2018, pet. denied) (explaining that "legal" and "equitable" qualifiers implicate "the traditional law–equity distinction that lives on in what are termed the

---

[4]    Here, Dang asked the trial court to grant her motion for sanctions and "award[] reasonable and necessary attorney's fees for the time expended responding to the Special Appearance" and "any additional relief that justice warrants."

13

'legal' versus 'equitable' remedies," and noting that legal remedies come in form of monetary damages while equitable relief is generally granted through injunctions, specific performance, or other similar remedies).

Our conclusion is further supported by section 27.011's declaration that the TCPA "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." TEX. CIV. PRAC. & REM. CODE § 27.011. One purpose of Rule 13 sanctions is "to check abuses in the pleading process; that is, to ensure that at the time the challenged pleading was filed, the litigant's position was factually grounded and legally tenable." *Appleton*, 76 S.W.3d at 86. This echoes the TCPA's purpose of permitting expedited dismissal of meritless legal actions. *See Paulsen v. Yarrell*, 537 S.W.3d 224, 233–34 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (holding TCPA dismissal motion is not itself TCPA "legal action" subject to cross TCPA motion). Thus, as a pre-existing rule authorizing sanctions for litigation abuse—the same basic goal as the TCPA—Rule 13 is not abrogated by the TCPA. *See Patel v. Patel*, No. 14-18-00771-CV, 2020 WL 2120313, at *6 (Tex. App.— Houston [14th Dist.] May 5, 2020, no pet.) (mem. op.) (interpreting pre-2019 amendment version of TCPA and holding that "TCPA does not apply to appellee's claim that appellants damaged him by filing a frivolous lawsuit because such a claim, to the extent based on rule 13 . . . is not a legal action under the TCPA"). "To hold

14

otherwise would alter one of the purposes of the TCPA from being intended as a weapon against lawsuit abuse, to being a weapon against weapons against lawsuit abuse." *Id.*; *see also Paulsen*, 537 S.W.3d at 233–34 (observing that if "legal action" were so expansive, it would invite "'piecemeal or seriatim 'motions to dismiss' attacking myriad 'legal actions' that consist merely of individual filings within or related to a lawsuit, as opposed to the underlying lawsuit and substantive claims that are the Act's core focus' [and] would result in application of the TCPA that 'strays from—and, indeed, undermines through cost and delay—its manifest purpose to secure quick and inexpensive dismissal of meritless 'legal actions' that threaten expressive freedoms'") (quoting *In re Elliott*, 504 S.W.3d 455, 480 (Tex. App.—Austin 2016, orig. proceeding) (Pemberton, J., concurring)).

Moreover, an interpretation of "legal action" that includes Rule 13 motions for sanctions would require parties "to engage in litigation under the TCPA, including the automatic stay of all proceedings when a motion to dismiss under the TCPA is filed and the possibility of an interlocutory appeal if the motion to dismiss is denied," and "would at least 'lessen' the remedies available to a party to address" abuse of the pleading process during the course of litigation. *Misko v. Johns*, 575 S.W.3d 872, 877–78 & n.4 (Tex. App.—Dallas 2019, pet. denied) (holding, under pre-amendment version of TCPA, that motion for sanctions for discovery misconduct during course of underlying litigation was not "legal action" within

15

meaning of TCPA); *see also Barnes*, 600 S.W.3d at 511 (applying reasoning from

*Misko* to requests for sanctions designed to address abuse of pleading process and

holding subject request for sanctions was "not a request for legal or equitable relief

and not a legal action as defined by the TCPA").

Construing the plain language of the TCPA statute, examined as a whole, we

hold that a Rule 13 motion for sanctions does not constitute a "legal action" for

purposes of the TCPA. Because Dang's motion for sanctions was not a "legal

action," Kinetic has failed to meet its initial burden to establish that the TCPA

applies.[5]

---

[5] We acknowledge that other courts of appeals have held the opposite—that a motion for sanctions constitutes a "legal action" under the TCPA. *See, e.g.*, *Pate v. Haven at Thorpe Lane, LLC*, 681 S.W.3d 476, 485–86 (Tex. App.—Austin 2023, pet. filed) (holding that request for sanctions included within motion to compel subpoena responses from non-parties constituted "legal action" under current version of TCPA but specifically distinguishing *Thuesen* and Rule 13 sanctions motions); *Whataburger Rests. LLC v. Ferchichi*, No. 04-22-00020-CV, 2022 WL 17971316, at *3 (Tex. App.—San Antonio Dec. 28, 2022, no pet.) (mem. op.) (concluding motion for sanctions pertaining to discovery constituted "legal action" under current version of TCPA); *KB Home Lone Star Inc. v. Gordon*, 629 S.W.3d 649, 656–57 (Tex. App.—San Antonio 2021, no pet.) (holding that motion for sanctions seeking $5,000 constituted "legal action" under current version of TCPA and distinguishing cases holding otherwise); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 228–29 (Tex. App.—Austin 2018, no pet.) (concluding that "motion for sanctions" was "legal action" under pre-amendment version of TCPA). However, for the reasons stated in this opinion, we respectfully disagree with those opinions to the extent that those holdings address Rule 13 motions for sanctions.

We likewise acknowledge this Court's citation to *KB Home Lone Star* in *Bibby v. Bibby*, 634 S.W.3d 401, 408 (Tex. App.—Houston [1st Dist.] 2021, no pet.). *Bibby* held that a guardianship removal application was a "legal action" under the TCPA because it sought legal relief in the form of a statutory remedy provided in the Estates Code. *See id.* In so holding, this Court cited *KB Home Lone Star* in a "see

Accordingly, we overrule Kinetic's second and fifth issues. We need not reach Kinetic's remaining issues concerning the subsequent steps of the TCPA burden-shifting analysis. *See Keane Frac, LP*, 608 S.W.3d at 432 n.6.

## Conclusion

We affirm the trial court's order denying Kinetic's TCPA motion to dismiss.

Amparo Monique Guerra
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.

---

also" citation noting other decisions interpreting "legal action" under the TCPA. *See id.* Because *Bibby* did not concern the question of whether a Rule 13 motion for sanctions constitutes a "legal action" under the TCPA, it does not control our analysis here.